OPINION
{¶ 1} Petitioner-appellant, William Daley, appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, overruling his motion for relief from judgment and finding him in contempt. We affirm the decision of the trial court.
 {¶ 2} Appellant and petitioner-appellee, Claudia Jean Daley, were married in August 1971. The marriage was terminated by a decree of dissolution filed in October 2001. In a separation agreement adopted by the trial court and filed with the decree of dissolution, the parties agreed to an equitable division of marital property. The separation agreement was drafted by an attorney representing appellee; appellant did not retain legal counsel. The separation agreement was later modified several times upon the agreement of the parties. Pursuant to an agreed entry filed in November 2001, appellant was ordered to pay the debt associated with a Chevrolet Blazer automobile in appellee's possession.
 {¶ 3} In June 2002, appellee filed a motion to show cause alleging that appellant was in contempt for his failure to pay the debt as ordered in the agreed entry. Appellant responded by filing a Civ.R. 60(B) motion for relief from judgment. He alleged that the separation agreement and subsequent amendments were the result of mistake, surprise and excusable neglect as he entered into them without the advice of counsel. The matter was heard before a magistrate. At the conclusion of the hearing, the magistrate overruled appellant's motion and found him in contempt for his failure to pay the debt on the Blazer as ordered. When no objections were filed, the trial court adopted the magistrate's decision. Appellant appeals, raising three assignments of error:
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred ot the prejudice of appellant by denying appellant's motion for relief from judgment."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "The trial court erred to the prejudice of appellant by finding appellant in contempt of court regarding an alleged indebtedness on a vehicle."
 {¶ 8} Assignment of Error No. 3:
 {¶ 9} "The trial court erred to the prejudice of appellant by ordering appellant to continue paying on a vehicle that was repossessed and in appellant's name."
 {¶ 10} Pursuant to Civ.R. 53(E)(3)(a), appellant was required to file any objections to the magistrate's decision within 14 days following the decision's filing. The record reveals that he failed to do so. Consequently, pursuant to Civ.R. 53(E)(4)(a), it was well within the trial court's discretion to approve and adopt the magistrate's decision absent finding an error of law or other defect on the face of the decision.
 {¶ 11} This court has repeatedly held, and it is a well-established principle, that a failure to object to a magistrate's decision constitutes a waiver of the right to appeal any finding of fact or conclusion of law under Civ.R. 53(E)(3)(b). See Burns v. May (1999), 133 Ohio App.3d 351, 358;Stuckey v. Stuckey (Oct. 6, 1997), Fayette App. No. CA97-03-006, at 4 (citations omitted).
 {¶ 12} Appellant, having failed to file any objections to the magistrate's decision, has waived any error and cannot contest on appeal the findings of fact and conclusions of law contained therein. Accordingly, the assignments of error are overruled.
 {¶ 13} Judgment affirmed.
Young, P.J., and Powell, J., concur.