OPINION
{¶ 1} Defendant-appellant, Chun Cha ("Ruby") Wilkerson, appeals the decision of the Butler County Common Pleas Court, Domestic Relations Division, regarding imputation of income for spousal support. Plaintiff-appellee, Dean Wilkerson, filed a cross-appeal concerning the amount and duration of spousal support and the disposition of property. We affirm the decision of the trial court.
 {¶ 2} The parties were originally married on September 14, 1976 and divorced on April 9, 1979. They remarried in 1980, but neither Ruby nor Dean could remember the date of the remarriage. There are two minor children of the marriage.
 {¶ 3} Dean met Ruby while in the armed forces in Korea. Ruby has a sixth grade education. Early in the marriage, Ruby worked as a sales clerk for two businesses, an ice cream store and a furniture store, which were owned by the parties. The trial court found that "she speaks and understands English, but she is not 100% fluent and she does not read English well."
 {¶ 4} Dean provided the financial support for the family. He manages five rental properties owned by the parties, which are located on Vine Street in Cincinnati, Ohio. The properties were appraised at $264,750, although Dean testified that he believed the properties to be worth at least $300,000.
 {¶ 5} Dean filed for divorce on June 13, 2001. While the divorce action was pending, the parties sold their home. Each received approximately $79,000 in net proceeds from the sale. Both parties bought new homes. Ruby placed $25,000 down on a home costing $193,000. Dean purchased his new home for $190,000. Ruby pays $1,650 per month in mortgage payments, while Dean pays $700 per month in mortgage payments.
 {¶ 6} A hearing was held before the magistrate on June 3, 2002 and a decision issued on June 25, 2002. Dean filed objections to the decision. The trial court overruled the objections. A final decree of divorce was rendered on December 2, 2002. Ruby appeals raising one assignment of error. Dean has filed a cross-appeal raising two assignments of error.
 {¶ 7} Assignment of Error No. 1 on Appellant's Appeal:
 {¶ 8} "It is Error for the trial court to fail to find the Annual Income of Plaintiff-Appellant to be $150,000 per year where plaintiff signed documents indicating that his annual income was $150,000 and where plaintiff asserted his fifth amendment right not to testify as to the accuracy of his income as listed on his tax returns."
 {¶ 9} Ruby did not object to the magistrate's decision within 14 days. See Civ.R. 53(E)(3)(b). Consequently, it was well within the trial court's discretion to approve and adopt the magistrate's decision absent finding an error of law or other defect on the face of the decision. Civ.R. 53(E)(4)(a).
 {¶ 10} This court has previously held that failure to object to the magistrate's decision constitutes a waiver of the right to appeal any finding of fact or conclusion of law under Civ.R. 53(E)(3)(b). See Daley v. Daley, Warren App. No. CA2003-02-028, 2004-Ohio-916; Elfers v. Elfers, Clermont App. No. CA2002-11-088, 2003-Ohio-4614. Ruby has failed to file any objections to the magistrate's decision; therefore, she has waived any error and cannot contest on appeal the findings of fact and conclusions of law contained therein. Accordingly, Ruby's assignment of error is overruled.
 {¶ 11} Assignment of Error No. 1 on Appellee's Cross-Appeal:
 {¶ 12} "The Amount and duration of spousal support ordered by the trial court was an abuse of discretion."
 {¶ 13} Dean argues that the trial court abused its discretion in awarding Ruby $2,500 per month in spousal support. He argues that the trial court did not take into account Ruby's award of half the value of the marital business.
 {¶ 14} In cases involving a marriage of long duration, parties of advanced age, or a homemaker spouse with little opportunity to develop meaningful employment outside the home, a trial court may, in the proper exercise of its discretion, award spousal support for an indefinite period. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, paragraph one of the syllabus. A review of a trial court's decision as to spousal support is limited to a determination of whether the court abused its discretion. Bowenv. Bowen (1999), 132 Ohio App.3d 616, 626; see, also, Smith v.Smith (Jan. 12, 2001), Huron App. No. H-99-029. An abuse of discretion results when the trial court's decision is unreasonable, arbitrary or unconscionable. In order to find an abuse of discretion, it must be determined whether the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Pursuant to R.C. 3105.18(C)(1), a trial court considers various factors to ensure that the support is appropriate and reasonable. These factors include:
 {¶ 16} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed or distributed * * *;
 {¶ 17} "(b) The relative earning abilities of the parties;
 {¶ 18} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 19} "(d) The retirement benefits of the parties;
 {¶ 20} "(e) The duration of the marriage;
 {¶ 21} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 22} "(g) The standard of living of the parties established during the marriage;
 {¶ 23} "(h) The relative extent of education of the parties;
 {¶ 24} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 25} "(j) The contribution of each party to the education, training, or earning ability of the other party * * *;
 {¶ 26} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 27} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 28} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 29} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 30} The trial court awarded Ruby $2,500 per month in spousal support for life, terminable only upon either parties' death, Ruby's remarriage or Ruby's cohabitation with an unrelated adult male.
 {¶ 31} Dean argues that the trial court abused its discretion in awarding Ruby $2,500 per month in spousal support for life. He states in his appellate brief that "[t]he court found that six of the fourteen statutory factors concerning spousal support applied to this case and that based on them permanent support should be awarded." He then surmises that the trial court did not take into consideration that Ruby would earn interest income off of the $148,500 she received for her share of the rental properties. He also argues that the trial court did not consider the additional expenses he will sustain in "buying out" Ruby for her share of the rental properties. Finally he contends that the spousal support will allow her to live in a luxurious lifestyle because she will have at least $148,500 in liquid assets from her share of the rental property with her only obligation a $1,650 per month mortgage payment on her home.
 {¶ 32} Dean's contentions are without merit. The trial court considered the factors enumerated in R.C. 3105.18(C)(1). It stated specifically, "[i]n review of the factors for an award of spousal support under ORC 3105.18, with emphasis on: (1) age of Mrs. Wilkerson; (2) income earning capacity; (3) lifestyle; (4) Mrs. Wilkerson's poor employment potential; (5) length of the marriage and (6) the parties have no retirement account and significant cash flow has been a part of the parties' marriage," Ruby should receive spousal support in the amount of $2,500 per month.
 {¶ 33} Dean argues that the trial court did not consider the amount of money Ruby would receive for her portion of the rental property or the cost of financing a mortgage on the rental property in order to "buy out" Ruby. We can conclude that the trial court did consider the factors because it stated that it reviewed the factors in R.C. 3105.18. McClung v. McClung, Franklin App. No. 03AP-156, 2004-Ohio-240 (holding that the trial court need not comment on every statutory factor, the record need only show that the trial court considered them in making the award).
 {¶ 34} Dean's further assertion that the spousal support would allow Ruby to live in a luxurious lifestyle is without merit. He cites to Simoni v. Simoni (1995),102 Ohio App.3d 628, 637, for the proposition that a spousal support award should be based upon need. He argues that she does not need additional income as she will receive $148,500 in cash from the sale of the property, child support and has approximately $50,000 in savings from the sale of the family home. He asserts that she did not need to purchase a $193,000 home and accrue $1,650 per month mortgage payments.
 {¶ 35} However, Ruby and Dean have had a marriage of long duration. They have been married for 22 years, but had been together for 26 years.[1] The trial court found that Ruby was a 56-year-old woman with a sixth grade education who does not speak fluent English. It noted that Ruby's role was "to provide for the family in the role as a homemaker and to further her husband's business ventures by providing physical labor," although she never received a paycheck for her services to the family's business. The parties do not have pension accounts, but do have some money in savings. It also found that Dean has an average earning capacity of $100,000 per year.
 {¶ 36} Upon reviewing the record, we find there is evidence supporting the trial court's findings. We cannot say that the trial court's decision regarding Ruby's spousal support award is so unreasonable, arbitrary or unconscionable as to amount to an abuse of discretion. Dean's first assignment of error on cross-appeal is overruled.
 {¶ 37} Assignment of Error No. 2 on Appellee's Cross-Appeal:
 {¶ 38} "The Trial Court abused its discretion in requiring cross-appellant to pay appellant her full interest in their rental properties within one year."
 {¶ 39} Dean asserts that the trial court did not consider "the economic harm, tax consequences, and difficulties inherent in obtaining financing" to pay Ruby her share of the value of the rental property.
 {¶ 40} The trial court is vested with broad discretion in establishing an equitable division of marital property in a divorce action. Middendorf v. Middendorf, 82 Ohio St.3d 397,401, 1998-Ohio-403. "Appellate courts should not review discrete aspects of the property division out of context of the entire award." Baker v. Baker (1992), 83 Ohio App.3d 700, 701-02. Instead, we should consider whether the trial court's disposition of marital property as a whole results in an inequitable property division. Id. We may modify a property division only upon a finding that the trial court abused its discretion in dividing the property as it did. Cherry v. Cherry (1981),66 Ohio St.2d 348, 355.
 {¶ 41} Pursuant to R.C. 3105.171(F)(4), (5) and (6), the trial court, when making a distribution of marital property, shall consider many factors including the liquidity of the property, the economic desirability of leaving the property intact, and the tax consequences. It also may consider any other factor that it finds to be relevant and equitable. R.C.3105.171(F)(9).
 {¶ 42} The trial court ordered Dean to pay Ruby her share of the rental property, $148,500, in three payments over the course of a year, subject to an 8% rate of interest if he does not make timely payments. Dean maintains that it will be difficult for him to secure a loan. He asserts that to mortgage the properties, he will have to obtain a commercial loan at a higher interest rate. He further argues that the trial court did not consider the tax consequences associated with paying Ruby her share for the rental property. Finally, he asserts that the trial court did not consider the economic viability of obtaining financing for the properties.
 {¶ 43} Dean's assertions are without merit. He received approximately $79,000 from the sale of the marital home. He also owns the five rental properties free of any obligation. He is currently leasing the premises and receiving that income. He also testified that he had potential buyers for the properties. He has not shown that it will be difficult for him to secure a loan.
 {¶ 44} Tax consequences of property division are proper considerations for the trial court, so long as those consequences are not speculative. Day v. Day (1988), 40 Ohio App.3d 155,159. Dean has produced no evidence showing what his tax consequences for paying Ruby her share of the property. Therefore any tax consequences would be speculative.
 {¶ 45} Upon a review of the record, we find that the trial court did not act arbitrarily, unreasonably or unconscionably in ordering Dean to pay Ruby for her share of the rental property within one year. We see no abuse of discretion. Dean's second assignment of error on cross-appeal is overruled.
 {¶ 46} Judgment affirmed.
Valen, P.J., and Powell, J., concur.
[1] The parties had originally been married in 1976, divorced in 1979 and remarried in 1980.