OPINION
{¶ 1} Plaintiff-appellant/cross-appellee, Dean H. Wilkerson, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding that defendant-appellee/cross-appellant, Chun Cha ("Ruby") Wilkerson, has no income and is only obligated to pay minimum child support. Ruby appeals the trial court's decision designating Dean as the residential parent of the parties' minor child.
 {¶ 2} The parties originally were married in 1974, then divorced in 1979, and then remarried in 1980. In 2001, Dean filed a complaint for divorce, and a final decree of divorce was rendered on December 2, 2002. Dean appealed the trial court's decision ordering him to pay Ruby $2,500 per month as spousal support, and this court affirmed that decision inWilkerson v. Wilkerson, Butler App. Nos. CA2002-12-315, CA2002-12-318, 2004-Ohio-1191.
 {¶ 3} As part of the divorce decree, the parties agreed to a shared parenting plan, which provided that they would evenly share custody of their two children. On January 7, 2003, Dean filed a motion to terminate the shared parenting plan and requested that he be designated the residential parent of the parties' younger child.[1] Neither the shared parenting plan, nor the divorce decree reflected the parties' intent that this custody arrangement was to be temporary. The parties agreed to proceed in this matter as a final custody hearing, and the magistrate permitted the parties to introduce evidence as to events and circumstances which occurred prior to the filing of the decree of divorce.
 {¶ 4} After hearings on April 30 and June 3, 2003, the magistrate found that designating Dean as the residential parent is in the child's best interest. The magistrate recommended that Ruby have weekday visitations for at least three hours each week, and also ordered her to seek employment. Further, the magistrate ordered Ruby to pay $20 per week as minimum child support because she had no income. Both parties filed objections to the magistrate's decision. The trial court overruled the parties' objections and affirmed the magistrate's findings and decision. Dean appeals the trial court's decision raising a single assignment of error, and Ruby has filed a cross-appeal raising a single assignment of error.
 {¶ 5} Assignment of Error on Dean's Appeal:
 {¶ 6} "The trial court erred to the prejudice of plaintiff-appellant in not calculating spousal support and other interest payments received by the obligor from the obligee pursuant to an earlier property division order."
 {¶ 7} Dean argues that the trial court incorrectly calculated Ruby's child support obligation, because the court failed to include Dean's spousal support in determining Ruby's gross income. Dean maintains that Ruby is obligated to pay more than a minimum monthly child support payment because she receives $30,000 per year in spousal support payments.
 {¶ 8} In reviewing a trial court's decision regarding a child support order, we apply an abuse of discretion standard. Booth v. Booth (1989),44 Ohio St.3d 142, 144. To find abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} According to R.C. 3119.01(C)(7), "`[g]ross income' means * * * the total of all earned and unearned income from all sources during a calendar year, * * * and includes * * * spousal support actually received * * *." In addition, the child support computation worksheet in R.C.3119.022 provides for such an adjustment with respect to the obligee and obligor in lines 6 and 10.
 {¶ 10} We agree with the courts that have determined that in determining the relative income of the parents, spousal support paid from one parent to the other should be included in the obligee's income, and excluded from the obligor's income. See Zimon v. Zimon, Medina App. No. 04CA0034-M, 2005-Ohio-271; Posadny v. Posadny, Montgomery App. No. 18906, 2002-Ohio-935.
 {¶ 11} After reviewing the record, we find that the trial court erred in finding that Ruby has no income and is only obligated to make a minimum child support payment. Although the record reflects that Ruby is not employed, the court previously ordered Dean to pay Ruby $2,500 per month, in spousal support. In the child support computation worksheet, the court excluded $30,000 from Dean's gross income, but failed to include that amount as Ruby's gross income. We reverse the trial court's decision with respect to its determination that Ruby has no gross income, and find that Ruby's gross annual income is $30,000. We remand this matter for the trial court to recalculate Ruby's child support obligation in light of our findings.
 {¶ 12} In his assignment of error, Dean also argues that Ruby's gross annual income should include interest payments the court ordered him to pay as part of the marital property division. After reviewing the record, we find that Dean failed to raise this issue in his objection to the magistrate's decision.
 {¶ 13} According to Civ.R. 53(E)(3)(b), objections to a magistrate's decision must be specific and must state with particularity the grounds for the objection. Further, Civ.R. 53(E)(3)(d) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law [by the magistrate] unless the party has objected to that finding or conclusion of law * * *."
 {¶ 14} An appellate court need not consider an error that could have been objected to, but was not brought to the attention of the trial court. Burns v. May (1999), 133 Ohio App.3d 351, 358. Because Dean failed to bring this issue before the trial court, he has waived his right to raise it on appeal. Appellant's assignment of error is sustained in part and overruled in part.
 {¶ 15} Assignment of Error on Ruby's Cross-Appeal:
 {¶ 16} "The trial court erred to the prejudice of the appellee/cross appellant when it made the appellant/cross-appellee the residential parent."
 {¶ 17} Ruby argues that the trial court erred in finding that it is in their child's best interest that Dean be designated her residential parent. Ruby maintains that in making this determination, the trial court placed exclusive, undue emphasis on what she believes is an incomplete, inaccurate, and biased psychologist's report.
 {¶ 18} A trial court's decision allocating parental rights and responsibilities that is supported by substantial competent and credible evidence will not be reversed on appeal absent an abuse of discretion.Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus. In determining the allocation of parental rights and responsibilities, the trial court's discretion is broad, but it must consider all the relevant factors related to the child's best interest, including those enumerated in R.C.3109.04(F)(1). Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
 {¶ 19} Although the magistrate did give considerable weight to Dr. Michael Hartings' report in making the best interest determination, the magistrate also considered the appropriate factors as required by R.C.3109.04(F)(1), and competent, credible evidence supports the magistrate's findings. Ruby takes exception to the magistrate's reliance on this report, and claims that the report is contrary to the observations of her lay witnesses and inconsistent with the reports of two other psychologists.
 {¶ 20} While Dr. Hartings' report is contrary in some respects to the reports and testimony of Ruby's witnesses, this court will not second-guess the judgment of the trial court in evaluating the evidence and assessing the credibility of the witnesses. "The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record."Reynolds v. Goll, 75 Ohio St.3d 121, 124, 1996-Ohio-153, quoting Miller,37 Ohio St.3d at 74. In this respect, we must be guided by the presumption that the magistrate's findings were indeed correct. Id.
 {¶ 21} The magistrate's decision indicates that she considered more than just Dr. Hartings' report in determining that Dean should be designated the child's residential parent. In her decision, the magistrate discussed the report of another psychologist, Dr. Charles Lee, who expressed his concern that the child was in danger of being lost between the personalities of both parents. Further, the magistrate considered the report of the guardian ad litem, who recommended that Dean be named the residential parent. The magistrate also considered the relationship between the child and both parents and the parents' ability to assist the child with her schoolwork.
 {¶ 22} In her decision, the magistrate explained why it found Dr. Hartings' report particularly credible. Dr. Hartings was concerned with Dr. Lee's failure to investigate or validate Ruby's statements that Dean is an evil person who is possessed by the devil and has verbally and physically abused her throughout the course of their marriage.[2] After conducting his own evaluation of Ruby, Dean, and the child, Dr. Hartings reported that Ruby suffers from fixed delusions and severe personality and parenting deficit. Dr. Hartings explained that Ruby has impaired capacity to develop and sustain a normal family relationship and that she is unable to function in a normal parent-child relationship.
 {¶ 23} The magistrate also noted that in addition to Ruby's allegations of abuse throughout the marriage, she also expressed her belief that if Dean is granted custody of their child, he might rape or kill her. Despite these serious allegations, the magistrate found no evidence that Dean has ever abused Ruby or that he has ever been a threat to their children.
 {¶ 24} After reviewing the record, we find sufficient, credible evidence supports the magistrate's findings. Accordingly, we find that the trial court did not abuse its discretion in designating Dean the residential parent of the parties' minor child. Appellee's assignment of error is overruled.
 {¶ 25} Judgment is affirmed in part, reversed in part, and remanded for the trial court to recalculate Ruby's child support obligation in light of our finding that her gross income is $30,000.
Powell, P.J., and Young, J., concur.
[1] By this time, the parties' older child had become emancipated.
[2] Throughout this case, Ruby has also repeatedly claimed that the attorneys, the court, and the guardian ad litem are working against her or working with the devil.