DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Mark Byrd, Psy.D., commenced this original action requesting a writ of mandamus that orders respondent Ronald R. Ross, Ph.D., CPM, to submit relator's request for restoration of his license to the State Board of Psychology ("board") for its consideration.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision the magistrate concluded that "[b]ecause relator has failed to join or name the State Board of Psychology * * * as a respondent to this action, it is the magistrate's decision that this court deny relator's request for a writ of mandamus * * *." (Magistrate's Decision, ¶ 12.)
 {¶ 3} Relator filed objections to the magistrate's conclusions of law, rearguing those matters adequately addressed in the magistrate's decision. For the reasons the magistrate stated, as amplified here, the objections are overruled.
 {¶ 4} In his objections, relator continues to assert that the court should compel respondent to perform the ministerial act of submitting relator's request for reinstatement to the board for consideration. Relator contends he seeks relief from respondent, not the board, and thus relator was not required to join the board as a respondent to this action.
 {¶ 5} Contrary to relator's objections, the magistrate correctly concluded the board is a necessary party to relator's requested relief in mandamus. Indeed, as the magistrate noted, relator's correspondence through counsel tacitly acknowledges that respondent is simply the spokesman for the board and has no separate statutory or regulatory authority to consider relator's request for reinstatement. Accordingly, respondent's letter concerning the jurisdiction of the board was the board's response to relator's request for reinstatement. To compel the board to abandon its jurisdictional contention and consider relator's request for reinstatement requires the board be a party to the action.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled, writ denied.
Brown and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Mark Byrd, Psy.D., : Relator, : v. : No. 03AP-478 Ronald R. Ross, Ph.D., CPM, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION IN MANDAMUS {¶ 7} In this original action, relator, Mark Byrd, Psy.D., requests a writ of mandamus ordering respondent Ronald R. Ross, Ph.D., CPM, to submit relator's request for restoration of his license to the State Board of Psychology for its consideration.
Findings of Fact
 {¶ 8} 1. On May 19, 2003, relator filed this mandamus action.
 {¶ 9} 2. On July 11, 2003, the parties, through counsel, filed a joint stipulation of facts with exhibits A through I appended.
 {¶ 10} 3. Deleting the parenthetical references to the exhibits, the joint stipulation of facts states as follows:
* * * Relator was licensed to practice psychology in the State of Ohio in March 2000. Relator has practiced psychology in southwest Ohio.
* * * Respondent is the Executive Director of the State Board of Psychology of Ohio.
* * * The State Board of Psychology of Ohio ("Board") is an "agency" within the meaning of Ohio Revised Code § 119.01(A) and is created by and subject to the provisions of Chapter 4732 of the Ohio Revised Code. The Board possesses the authority to issue licenses to those persons who desire to practice psychology in the State of Ohio and who satisfy the licensing requirements set forth by the State. A license issued by the Board remains in effect until suspended or revoked. If the Board revokes the license of a psychologist, the psychologist may request the Board to restore his or her license pursuant to Ohio Revised Code §4732.18.
* * * On January 13, 2003, the Board summarily suspended Relator's license to practice psychology in the State of Ohio.
* * * On January 28, 2003, Relator appealed the Board's suspension of his license to the Clermont County Court of Common Pleas. The appeal is currently pending before the Clermont County Court of Common Pleas. * * *
* * * On February 7, 2003, Relator filed a motion for an order staying the Board's suspension of his license. * * *
* * * On February 28, 2003, the Clermont County Court of Common Pleas issued a decision denying Relator's motion for stay. * * *
* * * After a hearing conducted on March 3, 2003, the Board issued an Order revoking Relator's license to practice psychology in the State of Ohio. The decision was issued on March 12, 2003.
* * * On March 25, 2003, Relator appealed the Board's Order revoking his license to the Clermont County Court of Common Pleas. The appeal is pending before the Clermont County Court of Common Pleas. Relator did not request a stay of the Board's Order, and no stay has been granted by the Clermont County Court of Common Pleas. * * *
* * * On April 10, 2003, Relator sent a letter to the President of the State Board of Psychology of Ohio requesting that the Board reinstate his license to practice psychology in Ohio pursuant to Ohio Revised Code § 4732.18. * * *
* * * Respondent replied to Relator's April 10, 2003 letter in a letter dated April 18, 2003, stating that it would be inappropriate for the Board to consider a request for restoration while the matter was under appeal. * * *
* * * On April 21, 2003, counsel for Relator sent a letter to counsel for Respondent requesting that Respondent reconsider his position and permit the Board to act on Relator's request. * * *
* * * On April 30, 2003, counsel for Respondent sent a letter to counsel for Relator indicating that the Board stood by its position as outlined in the April 18, 2003 letter attached as Exhibit F. * * *
* * * On May 7, 2003, counsel for Relator sent another letter to counsel for Respondent requesting that Respondent correct his position immediately and confirm such correction in writing on or before May 9, 2003. Counsel for Relator indicated that if no change was made by May 9, 2003, he intended on seeking a writ of mandamus compelling the consideration of Dr. Byrd's request for restoration of license. * * *
* * * Respondent has not submitted Relator's request to the Board for consideration.
 {¶ 11} 4. This action has been submitted to this magistrate on the parties' joint stipulation of facts filed July 11, 2003, as well as the briefs filed herein.
Conclusions of Law
 {¶ 12} Because relator has failed to join or name the State Board of Psychology ("board") as a respondent to this action, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 13} Analysis begins with a review of the fundamental tenets of mandamus law. It is well-settled that for a writ of mandamus to issue the relator must demonstrate: (1) that he has a clear legal right to the relief prayed for, (2) that respondent is under a clear legal duty to perform the act, and (3) that relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 29.
 {¶ 14} It is axiomatic that in mandamus, the legal duty must be the creation of the legislative branch, and courts are not authorized to create the legal duty enforceable in mandamus.State ex rel. Pipoly v. State Teachers Retirement Sys.,95 Ohio St.3d 327, 331, 2002-Ohio-2219.
 {¶ 15} A careful review of the complaint and relator's briefs clearly shows that relator has chosen R.C. 4732.18 as the statute creating the alleged clear legal right and alleged clear legal duty upon which relator premises his request for relief in mandamus.
 {¶ 16} R.C. 4732.18 states in its entirety:
At any time after the suspension or revocation of license, the state board of psychology may restore the license upon the written finding by the board that circumstances so warrant. The board may require an examination of the applicant before such restoration.
 {¶ 17} To state the obvious, whatever clear legal duty is created by R.C. 4732.18 must involve the board.
 {¶ 18} Significantly, the board is not a party to this action. Relator's complaint names only Ronald R. Ross, Ph.D., who is alleged to be the executive director of the board.
 {¶ 19} In fact, R.C. Chapter 4732 does not statutorily provide for the position of an executive director of the board. The duties of respondent are not statutorily defined. Moreover, the duties of respondent cannot be found at Ohio Adm. Code Chapter 4732. Presumably, respondent's duties are set by the discretion of the board and respondent serves at the pleasure of the board, although the parties have not so stipulated.
 {¶ 20} R.C. 4732.02 provides that the governor, with the advise and consent of the senate, shall appoint a State Board of Psychology. All of the members, except one, shall be a licensed psychologist.
 {¶ 21} R.C. 4732.03 provides that the board shall elect a president and secretary.
 {¶ 22} R.C. 4732.06 provides:
* * * The board may empower any one or more of its members to conduct any proceeding, hearing, or investigation necessary to its purposes. The board shall meet at least twice annually and at such other times as it determines. Special meetings may be called by the president and shall be called by the secretary upon the written request of two members.
The board shall make such rules as are necessary to conduct its business.
The board may employ such assistants and clerical help as are necessary to administer and enforce this chapter.
 {¶ 23} In this action, relator alleges that R.C. 4732.18
creates for him a clear legal right to request the board to restore his license, and that, under R.C. 4732.18, respondent is under a clear legal duty to submit relator's request for restoration to the board for its consideration. (See complaint at paragraph 10.) Relator further alleges that, under R.C. 4732.18, he has a statutory right to have the board consider his request for restoration of his license and that, unless this court compels respondent to submit his request to the board, relator will be deprived of that alleged right. (See complaint at paragraph 12.)
 {¶ 24} As previously noted, the parties have entered into a joint stipulation of facts. According to the joint stipulation, on April 10, 2003, relator sent a letter to the president of the board requesting that the board reinstate his license. On April 18, 2003, respondent acknowledged that relator's letter had been received "in this office." In the April 18, 2003 letter, respondent wrote to relator stating:
It is my understanding that by filing a Notice of Appeal of the Board's Adjudication Order, you divested the Board of jurisdiction in this matter. The appeal of the Board's Order is now pending before Judge McBride, in the Clermont County Court of Common Pleas, and it would be inappropriate for the Board to consider a request for restoration while this matter is under appeal.
 {¶ 25} On April 21, 2003, relator's counsel wrote to assistant attorney general Kelley R. Haddox ("Haddox") regarding counsel's receipt of respondent's April 18, 2003 letter. In the April 21, 2003 letter, relator's counsel disagreed with respondent's statement that the board could not consider relator's restoration request as it was divested of jurisdiction due to the filing of an appeal. In the April 21, 2003 letter, relator's counsel wrote:
Please have your client correct its position immediately and confirm such correction in writing to by or before April 25, 2003. After that date, I will seek expedited declaratory relief. If your client's conduct necessitates such action and it
continues to maintain its current position, I will seek addition additional relief pursuant to R.C. § 2323.51.
(Emphasis added.)
 {¶ 26} It is clear from the April 21, 2003 letter, that relator's counsel was demanding through assistant attorney general Haddox that the board correct its position. There is no indication in the April 21, 2003 letter that relator's counsel felt that respondent was acting unilaterally without the knowledge of the board or the board's president.
 {¶ 27} In Haddox's April 30, 2003 letter to relator's counsel, Haddox states: "The State Board of Psychology (Ohio) stands by its position." There is no indication in Haddox's letter that his client is exclusively the executive director of the board.
 {¶ 28} In the May 7, 2003 letter of relator's counsel to Haddox, relator's counsel again argues that "your client's position is contrary to law." It is clear from the May 7, 2003 letter that relator's counsel is referring to the board's position.
 {¶ 29} Notwithstanding the clear indications from the above-noted correspond-ences stipulated by the parties, relator drops the following footnote in his reply brief:
Dr. Byrd notes that Dr. Ross is not a member of the Ohio State Board of Psychology ("Board"). Accordingly, the fact Dr. Ross has decided not to submit Dr. Byrd's request for reinstatement to the Board does not mean that the Board does not wish to consider Dr. Byrd's request. In all likelihood, the full Board is unaware that Dr. Byrd has filed a request for reinstatement.
(Relator's reply brief at 1.)
 {¶ 30} Relator's footnote highlights the flaw in relator's bringing this action solely against the executive director of the board. There is in fact no direct stipulation by the parties that respondent is acting unilaterally in the matter of relator's request for restoration of his license.
 {¶ 31} The only stipulation that perhaps suggests unilateral action on respondent's part is found at paragraph 12 of the joint stipulation which again states:
* * * On April 21, 2003, counsel for Relator sent a letter to counsel for Respondent requesting that Respondent reconsider his position and permit the Board to act on Relator's request. * * *
(Emphasis added.)
 {¶ 32} However, paragraph 12 of the joint stipulation is nothing more than the parties' attempt at summarizing the April 21, 2003 letter. A careful reading of the April 21, 2003 letter discloses that paragraph 12 of the joint stipulation is an inaccurate summary of the letter. Clearly, the April 21, 2003 letter requests that the board reconsider its position. Moreover, there is no suggestion in the April 21, 2003 letter that respondent will not permit the board to perform its duty in a manner that the board sees fit.
 {¶ 33} The above analysis discloses the flaw in relator's claim that the true relief he seeks in this action is the performance of a "ministerial act" by respondent. (Relator's brief at 7.) Clearly, relator seeks to compel the board to actually consider and rule upon his request for restoration of his license. Moreover, it is the duty of this court to determine the real object of relator's action. See State ex rel. Pressleyv. Indus. Comm. (1967), 11 Ohio St.2d 141, paragraph four of the syllabus.
 {¶ 34} Presumably, the executive director of the board serves at the pleasure of the board. Nevertheless, even if the executive director has failed to perform a ministerial duty to submit relator's request for restoration of his license to the board, the board cannot be compelled in this action to consider the request unless the board is made a party to this action and it is actually determined that the board has a clear legal duty to consider such request. For this court to order the executive director to submit the license restoration request to the board in the absence of a concomitant order to the board that the request be considered is to order the performance of a vain act. Mandamus does not lie to compel the performance of a vain act.State ex rel. Strothers v. Turner (1997), 79 Ohio St.3d 272. In short, unless it can be determined that relator is entitled to mandamus relief against the board under R.C. 4732.18, he is entitled to no relief at all.
 {¶ 35} Moreover, in this action, relator is asking this court to determine a question of law under R.C. 4132.18 pertaining to the statutory duty of the board. That question is whether the board has jurisdiction to consider a request for restoration of the license during the appeal to the common pleas court on the revocation of the license. It would be inappropriate for this court to determine this question of law in an action in which the board is not a party.
 {¶ 36} Given the foregoing analysis, because relator has failed to name or join the board as a respondent to this action, relator's request for a writ of mandamus must be denied. SeeState ex rel. Keener v. Amberley (1997), 80 Ohio St.3d 292.
 {¶ 37} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.