OPINION
{¶ 1} This accelerated calendar appeal, submitted on the briefs of the parties, arises from the Portage County Court of Common Pleas, Domestic Relations Division. Appellant, Charles John Shehab, appeals the final judgment entry of divorce, wherein the trial court did not retain jurisdiction over the issue of spousal support.
 {¶ 2} Appellant and appellee, Judith K. Shehab, were married on December 27, 1971. There is one emancipated child born of the marriage. For the duration of the marriage, appellee took care of the child and household, while appellant worked fulltime at General Motors.
 {¶ 3} In July 2001, appellant left the marital home, and appellee subsequently filed for divorce. On October 4, 2001, appellee was awarded temporary spousal support in the amount of $2,600 per month. Appellant filed objections to this temporary order, and the trial court reduced the temporary spousal support award to $2,500 per month.
 {¶ 4} Final divorce hearings were held on March 13 and 14, 2002. The parties had reached an agreement on property distribution, and the agreement was formally read into the record. The remaining issue of spousal support remained for the trial court to consider.
 {¶ 5} At the hearing, appellee testified she was unable to earn an income due to her age (she was sixty years old at the time of the hearing); her lack of education; and her failing health. Appellant testified that he was still employed at General Motors and was earning approximately $77,000 annually.
 {¶ 6} In a judgment entry dated April 3, 2002, the trial court issued its findings regarding spousal support. The court considered the statutory factors enumerated in R.C. 3105.18 and found that, due to appellee's lack of earning potential, her poor health, and the twenty years she has spent outside the workforce, appellant should pay $2,000 per month in spousal support, until such time as appellee remarries or dies. The court also noted in its judgment entry that it would retain jurisdiction under R.C.3105.18(E)(1) to modify the amount of spousal support to be paid or the terms of the spousal support order as provided by R.C.3105.18(F), if any change in the circumstances of the parties occurred.
 {¶ 7} On April 15, 2002, appellant filed a motion to reconsider the spousal support award and requested a hearing on the matter. A hearing was held on the motion on June 7, 2002. Both parties were present and represented by counsel. At the hearing, appellant argued that the spousal support award, when coupled with the order for appellant to pay appellee's health insurance, presented a hardship on appellant. Appellee argued that the spousal support was fair and should not be modified.
 {¶ 8} The trial court issued a judgment entry on June 28, 2002, in which it concluded that the previous spousal support award was excessive. The court modified the spousal support award from $2,000 to $1,750 per month for thirty-six months while appellant paid $400 per month for appellee's health insurance. Then, at the conclusion of that thirty-six month period, the $2,000-per-month payment would resume until appellee remarried or died. The court then ordered counsel for appellee to prepare a judgment entry consistent with the findings as modified.
 {¶ 9} On July 11, 2002, appellee filed a motion for reconsideration of the spousal support modification, contending that the trial court permitted appellant to rely upon additional facts not presented at the final hearing in making his argument for modification and that no change in circumstances had occurred that permitted the court to modify the award. The trial court overruled appellee's motion for reconsideration in a judgment entry dated July 16, 2002.
 {¶ 10} On August 28, 2002, appellant filed a motion requesting clarification of the court's intentions on two issues: (1) the amount of time allowed for appellee to refinance the marital home, and (2) the extent of the trial court's continued jurisdiction regarding spousal support. The trial court issued a judgment entry on October 2, 2002, stating that, after a hearing on the matter, and consideration of all of the facts and circumstances, appellant's motion for clarification was overruled. The court again ordered counsel for appellee to prepare a final judgment entry pursuant to the past order of June 28, 2002.
 {¶ 11} A final judgment entry decree of divorce, dated October 2, 2002, was issued by the court, which, inter alia, incorporated the modified spousal support award. The court did not expressly retain jurisdiction over the spousal support award pursuant to R.C. 3105.18(E).
 {¶ 12} Appellant filed a notice of appeal on November 1, 2002. On January 31, 2003, this court dismissed appellant's appeal for failure to prosecute. On May 20, 2003, this court then reinstated appellant's appeal. A transcript of the March 14, 2002, final divorce hearing was filed. However, a transcript of the June 7, 2002 hearing on the motion for reconsideration was not filed with this court.
 {¶ 13} Appellant presents a single assignment of error on appeal:
 {¶ 14} "The trial court abused its discretion by unilaterally and without hearing, altering its final decision from retaining jurisdiction over spousal support to not retaining jurisdiction over the award of spousal support in the final decree."
 {¶ 15} Appellant contends that the trial court abused its discretion by initially retaining jurisdiction to modify the spousal support award and, then, in the final divorce entry, refusing to retain jurisdiction. He alleges that the trial court erred in not holding a hearing and not issuing specific findings of fact or conclusions of law on the issue of refusing to retain jurisdiction.
 {¶ 16} "The decision whether to retain jurisdiction to modify a spousal support award is within the trial court's discretion."[1] Divorce decrees should possess some degree of "`"certainty and finality."'"[2] Thus, in order to prevent parties from perpetually seeking to modify an order of spousal support, a trial court may, within its discretion, refuse to retain jurisdiction on the issue of spousal support. This is particularly warranted in those instances where the spousal support order was clear, the financial status of the parties is stable, and the factors enumerated in R.C. 3105.18(C)(1)(a) through (n) remain relatively constant.[3]
 {¶ 17} In the case sub judice, the trial court properly retained jurisdiction to modify the spousal support order prior to the final judgment of divorce decree via the April 3, 2002 findings. The court then exercised its jurisdiction in modifying the support order after the June 7, 2002 hearing on appellant's motion for reconsideration. The court reduced the spousal support award at that time from $2,000 to $1,750 per month with the additional caveat that the $2,000-per-month support order would resume following the cessation of the thirty-six month health care insurance order. It was only after this reconsideration, and the issuance of the final divorce decree, that the trial court no longer retained jurisdiction on the matter.
 {¶ 18} The court made careful findings as to appellee's earning potential in light of the extended amount of time she remained outside the work force, her age, her health status, and other factors enumerated in R.C. 3105.18(C)(1) when it issued its initial spousal support order. The court then further examined the matter in the hearing on appellant's motion for reconsideration. These findings suggest that the stability of the parties' financial status does not necessitate ongoing jurisdiction over spousal support by the trial court. Therefore, we conclude that the trial court did not abuse its discretion in refusing to retain jurisdiction over the spousal support order.
 {¶ 19} Appellant's assignment of error is without merit, and the judgment of the trial court is affirmed.
Grendell, J., concurs, Christley, J., concurs in judgment only.
[1] Ricketts v. Ricketts (1996), 109 Ohio App.3d 746,755, citing Johnson v. Johnson (1993), 88 Ohio App.3d 329,331; See, also, Straube v. Straube (Aug. 10, 2001), 11th Dist. No. 2000-L-074, 2001 Ohio App. LEXIS 3528, at *14.
[2] McLeod v. McLeod, 11th Dist. No. 2000-L-197, 2002-Ohio-3710, at ¶ 109, quoting Wolding v. Wolding (1992),82 Ohio App.3d 235, 239, quoting Ressler v. Ressler (1985),17 Ohio St.3d 17, 18.
[3] See McLeod, at ¶ 114.