OPINION
{¶ 1} Plaintiff-appellant, Cynthia K. Rotte, appeals from a Judgment Entry and Divorce Decree of the Butler County Court of Common Pleas, Domestic Relations Division, denying spousal support, setting child support, and distributing the marital assets and debts. We affirm the decision of the trial court.
 {¶ 2} Appellant and defendant-appellee, Thomas M. Rotte, were married in July 1989 and had one child, Kristina, born October 1990. The parties separated in August 2003 but continued to share parenting time with Kristina on an alternating-week basis. Appellee remained in the marital home and appellant shared an apartment with a friend. Appellant filed a complaint for divorce in November 2003 and a final contested hearing was held on July 13, 2004.
 {¶ 3} At the time of the final hearing, the parties had each submitted a shared parenting plan regarding their daughter; both providing for equal parenting time with their daughter on an alternating-week basis. The issue of child support remained contested. The parties had also reached a written agreement on division of much of the personal property, and stipulated that the marital real estate would be sold, that appellee would retain his 1997 Pontiac Grand Prix and that appellant would retain her 1988 Toyota Corolla.
 {¶ 4} The trial court heard testimony on the remaining property and debts of the parties, as well as testimony relating to parenting, child support and spousal support. Testimony was taken from both appellant and appellee, as well as appellee's father. Appellant's testimony at the hearing revealed that the parties had accumulated multiple outstanding debts, which the trial court totaled at $42,542.70.
 {¶ 5} Appellant's testimony also revealed that she had worked very little in the past few years, which appellant attributed to the need to care for an ill daughter not of the marriage at issue. At the time of the hearing, appellant was earning $13 per hour and was working approximately 10-15 hours per week. Appellee was working full time and was earning approximately $17.99 per hour.
 {¶ 6} The court found that appellant was voluntarily under-employed, and therefore imputed an annual income of $27,040 based on her current pay rate at a full-time basis. Based on this imputed income, and after consideration of the statutory factors, the court found that spousal support was not warranted.
 {¶ 7} The court calculated child support in accordance with the guidelines twice, once using appellant as the residential parent, and once using appellee as the residential parent. The court found that under a blended version of the parties' proposed parenting plans, the parties would be sharing an equal amount of time with their daughter and would both need to maintain suitable housing. The court therefore held that neither of the guideline calculations would be in the best interests of the child and therefore modified the guideline support. The court ordered appellee to pay appellant $81.18 per month in child support, representing the difference between the original guideline calculations.
 {¶ 8} The trial court entered its judgment entry and decree of divorce on September 9, 2004 and appellant appealed, raising three assignments of error:
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED IN DETERMINING THAT AN AWARD OF SPOUSAL SUPPORT TO WIFE WAS NOT WARRANTED."
 {¶ 11} Appellant argues that the court was in error in determining that she was "voluntarily under-employed" and in using an imputed income to determine the issue of spousal support. In support of her argument, appellant notes that she and appellee were married for 15 years, that she had worked primarily on a part-time basis during the marriage, was employed on a part-time basis at the time of the divorce, and did not work for much of the past few years due to an ill daughter. She further argues that appellee was employed throughout the marriage, earning approximately $37,000 or more at the time of the divorce.
 {¶ 12} A trial court has broad discretion in determining spousal support, and on appeal, a reviewing court is limited to determining whether the trial court abused its discretion in its order. See Blakemorev. Blakemore (1983), 5 Ohio St.3d 217. "An `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at 219.
 {¶ 13} R.C. 3105.18(C)(1) lists 14 factors that a trial court must consider in determining whether spousal support is appropriate and reasonable, including the "income" and "earning abilities" of each party. R.C. 3105.18(C)(1)(a), (b). In expanding on the definition of "income" and "earning abilities," the Fifth Appellate District explained that "[w]hen considering the relative earning abilities of the parties in connection with an award of spousal support, Ohio courts do not restrict their inquiry to the amount of money actually earned, but may also hold a person accountable for the amount of money a `person could have earned if he made the effort.'" Seaburn v. Seaburn, Stark App. No. 2004CA00343,2005-Ohio-4722, ¶ 32; citing Beekman v. Beekman (Aug. 15, 1991), Franklin App. No. 90AP-780. Therefore, "Ohio courts often impute income to parties who are voluntarily underemployed or otherwise not working up to their full earning potential." Id. at ¶ 33. Additionally, it is not necessary that a trial court list each factor articulated in R.C.3105.18(C) and comment on it, and a reviewing court will presume that each factor was considered absent evidence to the contrary. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355.
 {¶ 14} Whether a party is "voluntarily unemployed or under-employed" is a factual determination to be made by the trial court based on the circumstances of each particular case. Rock v. Cabral (1993),67 Ohio St.3d 108, 112. Similarly, the amount of income imputed to a person found to be "voluntarily under-employed" is equally a question of fact, not to be disturbed, absent an abuse of discretion. Id. Relating to calculating imputed income under a child support analysis, R.C. 3119.01
lists criteria to be considered in determining an appropriate amount, including prior employment experience, evidence of ability to earn the imputed income, and any other relevant factors. R.C.3119.01(C)(11)(a)(i)-(x).
 {¶ 15} In the case sub judice, testimony revealed that appellant was working only 10-15 hours per week at a rate of $13 per hour. The court's decision and order listed the factors to be considered under R.C.3105.18(C). The court found that no evidence was presented which indicated that either party was unable to work as a result of age or any physical or mental condition, and also that there were no small children prohibiting either party from full employment. Further, although appellant had, in past years, worked very little in order to care for an ill daughter, the court found that appellant's current schedule was a matter of choice.[1] The court therefore imputed an annual income of $27,040 to appellant, to reflect her current wage as earned on a full-time basis.
 {¶ 16} The court also found that no evidence was presented to indicate that either party contributed to the education or training of the other, and that no evidence indicated that either party needed additional education or training in order to become employed on a full-time basis. Based on these findings, the court held that spousal support was not warranted. We find that the court properly considered the factors articulated in R.C. 3105.18 and we find no abuse of discretion. Appellant's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "THE TRIAL COURT ERRED IN CALCULATING THE AMOUNT OF CHILD SUPPORT TO BE PAID BY THE PARTIES AND IN DECIDING OTHER SUPPORT RELATED ISSUES."
 {¶ 19} Appellant raises three issues under this assignment of error, again asserting that the court improperly imputed income, that the court improperly deviated from the child support calculation worksheet, and that the court improperly awarded the tax exemption to appellee. As stated above, we find that the trial court did not abuse its discretion in imputing income to appellant or in calculating the amount imputed and therefore appellant's first issue under this assignment of error is overruled.
 {¶ 20} As to the calculation of child support, appellant argues that the trial court abused its discretion in deviating from the guideline calculations, and in failing to make the required findings to make such a deviation. We again note that a trial court has wide discretion regarding child support obligations, and, absent an abuse of that discretion, the decision of the trial court will not be disturbed. See, Booth v. Booth
(1989), 44 Ohio St.3d 142,144.
 {¶ 21} R.C. 3119.022 provides the worksheet to be completed by a trial court in calculating child support under a shared parenting order. Completion of a worksheet, identical in content and form to that in R.C.3119.022, is mandatory and, when completed, the calculations are "rebuttably presumed" to be the correct amount of child support due. SeeMarker v. Grimm (1992), 65 Ohio St.3d 139; see, also, R.C. 3119.022,3119.03.
 {¶ 22} However, the overriding concern in the calculation of child support is the best interests of the child. Id. at 141. Where the court determines that the calculated amount would be unjust, inappropriate, and not in the best interests of the child, the court may deviate from the worksheet calculation. R.C. 3119.22. R.C. 3119.23 enumerates the factors to be considered by a court, prior to deviating from the amount of support found in the worksheet calculations. These factors include "extraordinary obligations" of the parents. R.C. 3119.23(B). In addition, R.C. 3119.24 states that, where a court has issued a shared parenting order, and in doing so has found the guideline calculation to be unjust and not in the best interests of the child, the court shall consider any extraordinary circumstances of the parents in making a deviation from the guideline support. Subsection (B) defines "extraordinary circumstances" to include "[t]he amount of time the children spend with each parent; [t]he ability of each parent to maintain adequate housing for the children; [e]ach parent's expenses; and [a]ny other circumstances the court considers relevant." R.C. 3119.24.
 {¶ 23} R.C. 3119.22 outlines the procedures a trial court must follow in deviating from the guideline calculation. The statute provides that where "the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child," the court may order child support which deviates from the worksheet calculation. R.C. 3119.22. The section goes on, requiring a trial judge, upon determining that a deviation of the guideline support would be in the best interests of the child, to enter in the journal: (1) "the amount of support calculated pursuant to the basic child support schedule and the applicable worksheet," (2) "its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child," and (3) "findings of fact supporting that determination." R.C.3119.22.
 {¶ 24} In the case sub judice, the record includes two worksheets used by the trial court in calculating child support. The court calculated child support, pursuant to the worksheet in R.C. 3119.022, twice; once identifying appellant as the residential parent, in which appellee would be ordered to pay $397.39 monthly, and then again identifying appellee as the residential parent, in which appellant would be ordered to pay $318.58 monthly. As stated in the court's decision and order, the trial court found that either calculation under the worksheets would be "unjust, inappropriate, and not in the best interest of the child," and went on to establish a deviation from the worksheet calculations. The court stated that it made its finding on the basis that, under the agreed-upon shared parenting order, the child would be spending an equal amount of time with both parents and that both parents would need to maintain adequate housing. The court then modified the guideline support to reflect the difference between the two worksheet calculations, and ordered appellee to pay appellant $81.18 per month.
 {¶ 25} Upon review of the record, we find no abuse of discretion in the trial court's child support order deviating from the guideline calculation. Appellant points to a decision from our court in which we remanded a case for failure to include the deviation calculation on line 24 of the child support worksheet, Macke v. Macke, Clermont App. No. CA2003-08-070, 2004-Ohio-2074, and argues that the trial court's failure to include its determination and calculation on line 24 in this case warrants similar action. Macke involved a similar fact situation in which the court created multiple child support worksheets, determined that the guideline calculations would be unjust, and granted a downward deviation on the father's obligation based on the fact that the parents would be spending equal time with the child.
 {¶ 26} However, upon review of the statutes regarding calculation of child support, it is apparent that a trial judge will satisfy her statutory obligations where she includes "in the journal," the amount of child support calculated according to the worksheet through the line establishing the actual annual obligation, Line 23, a determination that the amount would be unjust and not in the best interest of the child, and findings of fact in support of that determination. R.C. 3119.22. We therefore hereby qualify Macke, and hold that failure to include a deviation calculation on Line 24 of the child support worksheet will not, standing alone, amount to an abuse of discretion.
 {¶ 27} In the case sub judice, the trial court properly calculated child support according to the worksheet in R.C. 3119.022, through the line establishing actual annual obligation, and those worksheets are included in the record. The court then, within its decision and order, made a determination that neither calculation would be just or in the best interest of the child, and identified findings which justified a downward deviation.
 {¶ 28} As stated above, the abuse of discretion standard implies that a court's determination is unreasonable, arbitrary or unconscionable. SeeBlakemore, 5 Ohio St.3d at 219. Additionally, a primary purpose for employing and including the worksheet in the record is to afford meaningful appellate review. See Marker, 65 Ohio St.3d at 142. The record in this case enables appellate review, as the court's reasoning and findings are included therein. We find that the trial court, having met the explicit requirements of R.C. 3119.22, did not abuse its discretion in failing to include these statements on the worksheet, and appellant's second issue under this assignment of error is overruled.
 {¶ 29} Further, we find no abuse of discretion in the award of the tax exemption to appellee. R.C. 3119.82 states that "[w]henever a court issues . . . a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes." It has been established that, "the best interest of the child is furthered when the allocation of the exemption * * * produces a net tax savings for the parents." Will v. Will, (1996), 113 Ohio App.3d 8, at 11; see, also,Hammel v. Klug, Clermont App. Nos. CA2004-04-032, CA2004-05-033,2004-Ohio-2642, ¶ 18.
 {¶ 30} The record in this case demonstrates that the trial court considered R.C. 3119.82 regarding the assignment of the tax exemption and found, as stated in its decision and order, that the greatest net tax saving would be for the court to award the exemption to appellee. Additionally, the court reserved jurisdiction over the issue of the tax exemption in the event that appellant became employed on a full-time basis. We find no abuse of discretion in this order and appellant's third issue under this assignment of error is overruled.
 {¶ 31} Assignment of Error No. 3:
 {¶ 32} "THE TRIAL COURT ERRED BY NOT EQUITABLY DISTRIBUTING THE PARTIES' MARITAL ASSETS AND DEBTS PURSUANT TO R.C. 3105.171."
 {¶ 33} Appellant argues that the trial court abused its discretion in determining the marital and separate debts of the parties, in ignoring the interest to be added to the debts assigned to appellant, and in dividing the debt unequally and inequitably. Again, a trial court has broad discretion in the allocation of marital assets and its findings will not be disturbed, absent an abuse of discretion. See Cherry,66 Ohio St.2d at 348. Further, "the mere fact that that a property division is unequal, does not, standing alone, amount to an abuse of discretion." Id. at 353.
 {¶ 34} At the hearing, the parties identified multiple outstanding debts, including: a PNC Visa with a balance of approximately $6,300; a Beneficial Financial loan with a balance of approximately $1,500; a Citi Financial loan, with a balance of approximately $6,500; a personal loan from appellant's parents in the amount of $25,000, evidenced by a promissory note; a personal loan from appellee's parents in the amount of $5,660; and a personal loan from appellee's sister in the amount of $3,000.
 {¶ 35} Appellant also claimed a personal loan from her parents in the amount of $10,000 to be a marital debt, though appellee denied any knowledge of the loan and appellant could not identify what the money had been used for. The trial court found that the $25,000 loan from appellant's parents was a marital debt, and assigned repayment to appellant, "as an offset against other marital debts [appellee] [was] to retain." The court further found that if there was an additional outstanding loan of $10,000, it was the separate, nonmarital debt of appellant.
 {¶ 36} The court continued to divide the marital assets and debts, resulting in appellant being assigned $26,423.17 in debts, and appellee being assigned $16,119.53 in debts. Finding that the distributing of debt was unequal, the court further held that appellee would pay appellant an amount of $5,151.82 in order to more evenly balance the distribution of debt.
 {¶ 37} The trial court's decision and order reveals that the court carefully considered the distribution of the multiple debts of the parties, and divided them accordingly. In finding the debts were divided unequally, the court ordered an equalization payment. We find no abuse of discretion in the fact that the trial court did not take into account the interest that appellant would be paying on the loan from her parents, as the court equally did not attribute interest to the debts of appellee. Finding no abuse of discretion in the decision of the trial court, appellant's third assignment of error is overruled.
 {¶ 38} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] This finding, although made under the findings related to imputing income for the purposes of calculating child support, is equally relevant here.