OPINION
{¶ 1} Defendant-appellant, Lorraine Tuttle, appeals from the judgment entry and decree of divorce and judgment entry and decree of shared parenting by the Butler County Court of Common Pleas, Domestic Relations Division. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} Appellant and plaintiff-appellee, Gary Tuttle, were married in February 1993. During their marriage, they had two children, E.T. and H.T., born August 1993 and October *Page 2 
1994 respectively. The parties separated in November 2004 and, in 2005, filed cross-claims for divorce. The case proceeded to a final contested hearing, held April 24, 2006. On May 5, 2006, the court filed a decision and order, allocating the parental rights and responsibilities and adopting, with modifications, the revised shared parenting plan previously submitted by appellee. A final judgment entry and decree of divorce was rendered on June 23, 2006. Pursuant to the decree, the court designated appellant the residential parent for school purposes, so long as she remained in the Madison School District so that the children could continue to go to the same school. In the event that appellant relocated and appellee still resided in the school district, appellee would be designated the custodian for school purposes. However, in the event that appellee did not reside in the school district when appellant relocated, then appellant would remain the residential parent for school purposes.
 {¶ 3} The shared parenting plan filed with and incorporated into the decree provided that appellant would be the primary care provider for the two children. Appellee was granted parenting time on alternating weekends and one evening each week from 5:00 p.m. to 8:00 p.m., with 24-hour notice to appellant. The shared parenting plan also directed appellee to pay child support to appellant in the amount of $841.15 per month. Further, the shared parenting plan awarded appellee the right to claim both minor children as exemptions for income tax purposes.
 {¶ 4} Appellant now appeals the court's decree and raises a number of issues for our review. Because appellant's brief fails to identify specific assignments of error, we have organized the issues raised into three categories and will address them accordingly.
 SHARED PARENTING {¶ 5} Appellant asserts that the trial court erred in adopting the shared parenting plan and failed to consider the best interest of the parties' two minor children in allocating *Page 3 
parenting time. Appellant argues that appellee misuses parenting time, often working overtime and leaving his daughters with their paternal grandparents. Appellant further contends that the court's decision with regard to designating the custodial parent for school purposes unfairly confines her to the Madison School District, as her residence there was made a condition of her custodial status.
 {¶ 6} A trial court has broad discretion with regard to domestic relations cases, and such decisions will not be overturned absent a showing that the court has abused that discretion. Daw's v.Flickinger, 77 Ohio St.3d 415, 429, 1997-Ohio-260. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The primary concern of the trial court when allocating parental rights and responsibilities is the best interests of the children involved. R.C.3109.04(B)(1); Gehring v. Gehring, Warren App. No. CA2003-03-038,2004-Ohio-95, ¶ 7. Therefore, the trial court must consider all relevant factors related to the children's best interests, including the factors specified by R.C. 3109.04(F)(1). Id.
 {¶ 7} In this case, we find no abuse of discretion with regard to the shared parenting plan or the court's decision to condition the designation of custodial parent on residence within the Madison School District. The record in this case reveals that the court, in its decision and order, filed May 5, 2006 and incorporated into the decree of divorce and shared parenting plan, articulated the numerous factors to be considered in allocating parental rights and responsibilities, including those factors listed in R.C. 3109.04(F)(1). The court then specifically found that the proposed shared parenting plan was in the best interest of the children. While appellant contends that appellee misuses his parenting time, appellant admitted at the hearing that appellee loves and cares for his daughters. Nothing in the record suggests that appellee should have been denied parenting time and appellant has *Page 4 
failed to demonstrate how the court's allocation of that time was unreasonable, arbitrary or unconscionable.
 {¶ 8} Appellant has further failed to demonstrate any abuse of discretion with regard to the court's decision on the issue of the custodial parent. The transcript in this case demonstrates that both parties wanted the children to be able to stay in the Madison School District where they were currently attending school. Appellant agrees that the school district is a good school district, and in the event that neither parent resides within the school district, appellant remains the custodial parent for school purposes.
 {¶ 9} We find no abuse of discretion in the court's allocation of parental rights and responsibilities and these assignments of error are overruled.
 CHILD SUPPORT AND INCOME TAX EXEMPTION {¶ 10} Appellant asserts that the trial court erred in calculating child support with regard to the income of the parties. Appellant argues that the trial court improperly exempted appellee's overtime wages when calculating his gross income and improperly reduced the amount of child support based on appellant's receipt of spousal support. Appellant argues that the trial court also improperly attributed more income to appellant than is reliably attainable. Further, appellant asserts that the court erred in awarding appellee the right to claim the children as exemptions for income tax purposes
 {¶ 11} As above, the standard of review with regard to a trial court's decision on matters of child support is abuse of discretion. Booth v.Booth (1989), 44 Ohio St.3d 142. The same applies to the court's decision with regard to the award of the right to the tax exemption. SeeRotte v. Rotte, Butler App. No. CA2004-10-249, 2005-Ohio-6269.
 {¶ 12} R.C. 3119.05(D) governs the calculation of gross income, providing:
 {¶ 13} "(D) When the court or agency calculates the gross income of a parent, it shall *Page 5 
include the lesser of the following as income from overtime and bonuses:
 {¶ 14} "(1) The yearly average of all overtime, commissions, and bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed;
 {¶ 15} "(2) The total overtime, commissions, and bonuses received during the year immediately prior to the time when the person's child support obligation is being computed."
 {¶ 16} Additionally, R.C. 3119.05(B) provides that in calculating an order for child support, "the amount of any court-ordered spousal support actually paid shall be deducted from the gross income of that parent." Similarly, R.C. 3119.05(C)(7) defines the term "Gross income" to include "spousal support actually received; and all other sources of income. * * *" Applying these provisions, this court has previously explained that "in determining the relative income of the parents, spousal support paid from one parent to the other should be included in the obligee's income, and excluded from the obligor's income."Wilkerson v. Wilkerson, Butler App. Nos. CA2004-02-043, CA2004-04-046,2005-Ohio-1236, ¶ 10; see, also, Worley v. Worley, Licking App. No. 06-CA-63, 2007-Ohio 252, ¶ 25, quoting Posadny v. Posadny, Montgomery App. No. 18906, 2002-Ohio-935.
 {¶ 17} After a thorough review of the record in this case and the court's calculations in the child support worksheet, we find no abuse of discretion in the incomes attributed to the parties or the amount of child support awarded to appellant. The evidence presented in this case demonstrated that appellee had a base pay of $57,366.40. Appellee also presented evidence of his overtime pay for the previous three years, including $16,820.07, $21,087, and $14,284.03, with the last figure being from the most recent year. Because an average income based on these three years would be $17,397.33, the trial court used the lesser amount of $14,284.03 to calculate his adjusted gross income in the child support worksheet.
 {¶ 18} Finding the average of his three previous years of overtime pay to be greater *Page 6 
than the prior year's overtime pay, the court properly attributed the prior year's overtime pay to appellee's adjusted income. The court also properly attributed appellee's annual income received as a union representative to his income. The court then properly reduced appellee's adjusted gross income by $10,000 to account for the annual spousal support award provided for in the decree of divorce. It is clear that the court calculated appellee's adjusted gross income as demonstrated by the documentary evidence presented at the final hearing.
 {¶ 19} Additionally, the trial court properly calculated appellant's income. The evidence presented at the hearing demonstrated that appellant returned to work shortly after the parties separated. At the hearing, appellant testified that she was employed at a rate of $8.87 per hour, working 24 hours per week. Appellant also testified that she was cross-training to serve as a resident assistant and earned an additional $1 per hour when working those shifts. Appellant presented a pay stub reflecting $3,371.89 earned over a period of approximately ten weeks. In using that pay stub to extrapolate appellant's expected annual earnings, the court found, in its decision and order, that appellant generated an annual gross income of $17,534. The court used this calculation in the child support work sheet and then adjusted appellant's income to reflect the $10,000 annual spousal support award. Notably, the court did not find appellant to be voluntary underemployed and did not impute any potential income. The court merely extrapolated appellant's demonstrated income to determine an annual expectation. The court employed the proper procedures for calculating income and properly determined child support based on those calculations. We find no abuse of discretion in the court's determination with regard to the income of the parties or the award of child support.
 {¶ 20} We further find no abuse of discretion in the award of the tax exemption to appellee. R.C. 3119.82 states that "[w]henever a court issues * * * a court child support order, it shall designate which parent may claim the children who are the subject of the court *Page 7 
child support order as dependents for federal income tax purposes." Where parties cannot agree as to who shall receive the exemption, the statute provides that the court may award the exemption to the noncustodial parent, "only if the court determines that this furthers the best interest of the children." Id.
 {¶ 21} In determining the best interest of the children], "the court shall consider * * * any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children." Id. We have previously recognized that, "the best interest of the child is furthered when the allocation of the exemption * * * produces a net tax savings for the parents."Rotte, 2005-Ohio-6269, ¶ 29.
 {¶ 22} The record in this case demonstrates that the trial court considered the factors identified in R.C. 3119.82. In its decision and order, filed May 5, 2006, the court specifically found that, based on a review of those factors, the best interests of the children were served by awarding the tax exemption to appellee. We find no abuse of discretion in the court's determination with regard to awarding the tax exemption to appellee. Appellant's assigned errors on these issues are overruled.
 PROPERTY DIVISION {¶ 23} Lastly, appellant argues that the court erred in its determination with regard to division of personal property. Appellant asserts that certain household items were inequitably distributed. However, appellant does not specifically identify any particular items except to casually reference some items of bedroom furniture and unidentified appliances, which she argues should have been excluded from the property division.
 {¶ 24} Again, a court's decision with regard to the division of marital property will not *Page 8 
be reversed absent an abuse of discretion. Blakemore, 5 Ohio St.3d 217. Pursuant to R.C. 3105.171(B), "In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. * * * upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest."
 {¶ 25} In this case, the record reveals that the court properly divided the separate and marital property in accordance with R.C.3105.171. The court equitably distributed the real estate, vehicles, and financial assets and debts of the parties and those distributions are not challenged in this appeal. With regard to personal property, the court noted that the parties could not agree about the status of a number of items and made findings as to marital or separate property. Appellant does not raise any specific objections regarding the court's findings as to these items. The court then ordered the parties to divide the itemized list of household goods and furnishings by alternate selection, with appellant selecting first.
 {¶ 26} Initially, we note that the record does not reflect that appellant objected to the court's method for dividing the remaining household items by alternate selection. The parties were able to make some concessions regarding division at the hearing, but were unable to agree upon a division of all of the items. We find no abuse of discretion in the court's method of alternate selection as it was not arbitrary, unreasonable or unconscionable. Further, because appellant has failed to sufficiently identify any particular items which she claims were inequitably distributed, we are unable to find merit to her claim. Accordingly, appellant's assignment of error with regard to this issue is overruled.
 {¶ 27} Judgment affirmed.
 YOUNG, P.J., and WALSH, J., concur. *Page 1