OPINION *Page 2 
{¶ 1} Defendant-appellant Lawrence Malloy ("Lawrence") brings this appeal from the judgments of the Court of Common Pleas of Logan County, Domestic Relations Division. For the reasons set forth below, the judgment is affirmed.
 {¶ 2} Lawrence and plaintiff-appellee Dawn Malloy ("Dawn") were married on June 28, 1986. Three children were born during the marriage: Daniel (D.O.B. September 3, 1987), Patrick (D.O.B. July 6, 1991), and Shawn (D.O.B. June 12, 1997). Dawn filed a complaint for divorce on January 20, 2005, and requested to be designated the residential parent. Lawrence filed his answer and counterclaim for divorce on February 15, 2005. The parties continued to reside together in the marital residence until June 19, 2005, when Lawrence moved. On August 4, 2005, the parties agreed to temporary orders concerning custody, child support, medical insurance, and use of the marital residence. On October 3 and October 21, 2005, hearings were held on the divorce complaints. The trial court then requested additional financial documents from Lawrence.
 {¶ 3} On April 18, 2006, the child support agency filed a motion to terminate support due to the emancipation of Daniel. The trial court entered a new order of support for the remaining children on May 17, 2006. On September 11, 2006, Lawrence filed a motion to modify custody. Lawrence then filed a motion *Page 3 
to show cause on June 1, 2007. The Guardian Ad Litem filed a motion for an in camera interview on June 7, 2007, due to Dawn obtaining a civil protection order against Lawrence. A consolidated hearing on Lawrence's motions and the civil protection order was set.
 {¶ 4} On June 20, 2007, the parties entered an agreement that Lawrence would have no visitation with Shawn and would not enter Dawn's residence. Dawn would provide all transportation to and from visitation with Patrick. On June 29, 2007, Lawrence filed a motion to allow him and his counsel to be present at the drilling of a lock box. The trial court entered an order on July 2, 2007, restraining the drilling of the lock box until after the July 6, 2007, hearing. On August 31, 2007, the trial court entered a judgment denying the motion to show cause, dismissing the civil protection order, and reinstating the prior visitation orders with the only change being that Dawn was now responsible for all transportation. The motion for the change of custody was taken under advisement.
 {¶ 5} Also on August 31, 2007, the trial court entered a judgment setting child support in the amount of $966.96 per month for the two children. The entry also required Lawrence to provide health insurance for the children. Dawn was ordered to pay the first $100 of uncovered expenses per child. Anything over the $100 was ordered to be paid by Lawrence. Finally, on August 31, 2007, the trial court granted the divorce. The trial court named Dawn as the residential parent *Page 4 
and granted visitation to Lawrence. The trial court also awarded the tax dependency exemptions to Dawn in even years and Lawrence in odd years. The trial court then distributed the marital assets and debts. Finally, the trial court ordered spousal support in the amount $10,193.21 per year for five years. Lawrence appealed from these judgments on September 28, 2007. This court dismissed the appeal for lack of a final, appealable order on November 16, 2007.
 {¶ 6} On November 13, 2007, the trial court ordered the parties to submit copies of their 2006 tax returns for the purpose of determining the equitable split of the taxes. On May 28, 2008, the trial court entered a judgment overruling Lawrence's motion for modification of custody and his motion to require a joint tax return for 2006. However, the trial court did order that one half of Dawn's refund equitably should have been distributed to Lawrence. The trial court then ordered that half of the refund be credited toward Lawrence's spousal support obligation. Lawrence appealed from all these judgments on June 27, 2008, and raises the following assignments of errors.
 First Assignment of Error The trial court committed an error of law and abused its discretion in awarding the tax dependency exemptions.
 Second Assignment of Error The trial court abused its discretion when it failed to retain jurisdiction to modify the award of spousal support. *Page 5 
 Third Assignment of Error The trial court abused its discretion in failing to make any findings concerning the amount and duration of spousal support.
 {¶ 7} In the first assignment of error, Lawrence claims that the trial court erred in awarding the tax dependency exemptions on an alternating yearly basis. Lawrence argues that this award is contrary to R.C. 3119.82 because the trial court failed to consider the factors set forth in the statute. R.C. 3119.82 provides in pertinent part as follows.
 Whenever a court issues * * * a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes * * *. If the parents do not agree, the court, in its order, may permit the parent who is not the residential parent * * * to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children * * *. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.
R.C. 3119.82 (emphasis added). An appellate court reviews a trial court's award of tax exemptions under an abuse of discretion standard.Tuttle v. Tuttle, 10th Dist. No. CA2006-07-176, CA2006-07-177, 2007-Ohio-6743, ¶ 11. *Page 6 
 {¶ 8} A review of the record in this case indicates that the trial court did consider the factors set forth in R.C. 3119.82.
 The Court further FINDS that no temporary orders regarding federal and state dependency exemptions were issued, nor were any arguments or evidence put forth by either Plaintiff or Defendant as to the relative benefits of the allocation [of] the federal and state income tax exemptions for the children. Accordingly, while there clearly may be some benefits pro and con for the federal and state dependency exemptions, on the one hand, the exemptions to the Plaintiff would provide her with an earned income credit on her return, while the exemptions to the Defendant would in all probability reduce his overall tax obligation. The Court is without specifics upon which to make such allocation other than the equity of the circumstances, whereupon, the Court FINDS that [Dawn] may claim the children as dependents for federal and state income tax purposes during the even years commencing with the year 2008, and [Lawrence] may claim the children as dependents for federal and state income tax purposes during the odd years commencing with the year 2007, only if the payments for child support are current in full as ordered by the Court for the year in which the children will be claimed as dependents.
Divorce Decree, 10. The trial court's determination that it lacked specifics upon the various factors is supported by the record. Contrary to Lawrence's allegation, the trial court did consider the fact that granting him the exemptions would reduce his overall tax liability. The trial court compared this to Dawn's ability to obtain the earned income credit if she had the exemptions. Since neither side presented additional evidence nor any arguments on the matter, the trial court divided the exemptions equitably which the statute allows, but does not require. This is not an abuse of discretion. The first assignment of error is overruled. *Page 7 
 {¶ 9} The second assignment of error claims that the trial court erred by not reserving jurisdiction to modify spousal support.
 "The decision whether to retain jurisdiction to modify a spousal support award is within the trial court's discretion." [Ricketts v. Ricketts (1996), 109 Ohio App.3d 746, 755, 673 N.E.2d 156]. Divorce decrees should possess some degree of "certainty and finality." [McLeod v. McLeod, 11th Dist. No. 2000-L-197, 2002-Ohio-3710, ¶ 109]. Thus, in order to prevent parties from perpetually seeking to modify an order of spousal support, a trial court may, in its discretion, refuse to retain jurisdiction on the issue of spousal support. This is particularly warranted in those instances where the spousal support order was clear, the financial status of the parties is stable, and the factors enumerated in R.C. 3105.18(C)(1)(a) through (n) remain relatively consistent.
Shehab v. Shehab, 11th Dist. No. 2002-P-0122,2004-Ohio-5460, ¶ 16. This court has previously addressed the issue of whether a trial court is required to retain jurisdiction. See Schalk v.Schalk, 3d Dist. No. 13-07-13, 2008-Ohio-829. This court held that where the facts and circumstances of the case justify the refusal to retain jurisdiction, the trial court does not abuse its discretion by doing so. Id. at 39.
 {¶ 10} Here, the parties had a marriage of more than 19 years by the final hearing date. Lawrence's earning ability was substantially higher than Dawn's and his earnings had been relatively stable over several years. Dawn had worked during the marriage and was doing so at the time of the hearing. However, Dawn was limited in her choice of occupation due to her need for a flexible schedule so *Page 8 
that she can accommodate the needs of the minor children. Given these facts, as well as the age of the children, the trial court did not abuse its discretion in declining to retain jurisdiction to modify spousal support. The second assignment of error is overruled.
 {¶ 11} In the third assignment of error, Lawrence claims that the trial court erred by failing to make findings to support its award of spousal support. In determining whether to award spousal support, the trial court must consider the following factors.
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under [R.C. 3105.171];
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
 (d) The retirement benefits of the parties;
 (e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of that marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; *Page 9 
 (j) the contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
R.C. 3105.18(C)(1). The trial court, however, is not required to specifically enumerate those factors. Hendricks v. Hendricks, 3d Dist. No. 15-08-08, 2008-Ohio-6754, ¶ 31. The only requirement on the trial court is that it make specific findings in order "to enable a reviewing court to determine the reasonableness of its order to grant or deny a request for spousal support and that the relevant factors within R.C. 3105.18 were considered." Id. (citing Lee v. Lee, 3d Dist. No. 17-01-05, 2001-Ohio-2245 and Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96-97,518 N.E.2d 1197).
 {¶ 12} In this case, the trial court made the following findings. *Page 10 
 In considering the Plaintiff's requests, the Court has considered and reviewed all of these factors and FINDS as follows:
 As to income of the parties from all sources and the relative earning ability of the parties, the Defendant clearly has the larger of the income as well as the earning ability of the parties. This was evident by Plaintiff's Exhibits 3 and 8 as well as pay stub exhibits attached to the parties' respective DR-10s filed with the Court.
 The Court FINDS that as to the ages and the physical, mental, and emotional conditions of the parties, that they are on fairly equal footing as to these factors. The Court further FINDS that the retirement benefits of the parties certainly are a consideration since the Plaintiff has very minimal retirement of Social Security at best, while the Defendant has military retirement as well as an accumulated retirement benefit through his current employer of Honda of America. At the same time, these retirement benefits have been considered in the division of property and therefore have been equalized somewhat but only in the future upon retirement age.
 The Court further FINDS that as to the duration of the marriage, the parties were married on June 28, 1986. This matter came on for final hearing on October 3 and October 25, 2005, representing a little more than 19 years and 4 months, up to the final hearing, which in the opinion of the Court represents a long-term marriage. The Court FINDS that the provisions of [R.C. 3105.18(C)(1)(f), (g), and (h) clearly are factors to be considered in the instant case, because there are in fact minor children of the marriage, further testimony has been offered that the Plaintiff has sought out a job with flexible enough hours to afford her the opportunity to meet the children's needs and further testimony offered that both from an education and employment standard, the Defendant clearly has a distinct advantage over the Plaintiff. While the Plaintiff offered testimony concerning her financial needs for spousal support, there was no specific testimony as to a standard of living of the *Page 11 parties' established during the marriage, it is clear from the income disparity that the standard of living of the Plaintiff would be considerably less than that of the Defendant without some consideration of spousal support.
 The Court FINDS as to [R.C. 3105.18(C)(1)(i), (j), (k), and (l) or (m) that there was no evidence offered that would be applicable to any of these factors.
 Accordingly, having considered all of the factors in [R.C. 3105.18] that relate to the facts in this case the Court as noted above, FINDS that his (sic) is clearly a long-term marriage and that there is a financial need on the part of [Dawn] for some long-term spousal support and further FINDS that the amount should be $10,103.21 per year for a period of five (5) years payable monthly.
Divorce Decree, 16-17. The trial court clearly considered all of the statutory factors and made specific findings as required byKaechele. These findings are supported by the evidence before the trial court. Thus, the trial court did not abuse its discretion in awarding spousal support. The third assignment of error is overruled.
 {¶ 13} For the reasons set forth above, the judgment of the Court of Common Pleas of Logan County, Domestic Relations Division is affirmed.
Judgment Affirmed
 PRESTON, P.J. and ROGERS, J., concur. *Page 1