OPINION
{¶ 1} Defendant-appellant William S. Heitzman ("William") brings this appeal from the judgment of the Court of Common Pleas of Crawford County, Domestic Relations Division, granting spousal support to plaintiff-appellee Elaine M. Heitzman ("Elaine").
 {¶ 2} On June 27, 1987, William and Elaine were married. On February 28, 2003, Elaine filed her complaint for divorce claiming incompatibility. William filed his answer and counter-claim alleging incompatibility on March 18, 2003. On February 18, 2004, April 13, 2004, and September 16, 2004, hearings were held on the matter. The magistrate entered her decision on November 4, 2004. On November 17, 2004, William filed his objections to the magistrate's decision. William specifically objected to the imposition of spousal support of $2,000.00 per month for an indefinite period of time. On March 16, 2005, the trial court entered judgment overruling the objections and adopting the magistrate's decision. William appeals from this judgment and raises one assignment of error.
The trial court abused its discretion and committed an error as amatter of law by filing to establish a date certain for the terminationof [William's] spousal support obligation to [Elaine].
 {¶ 3} When reviewing an award of spousal support, the appellate court should not reverse the judgment of the trial court absent an abuse of discretion. McConnell v. McConnell, 3rd Dist. No. 14-03-37, 2004-Ohio-1955. "As part of a divorce proceeding, a trial court has equitable authority to divide and distribute the marital estate, and then consider whether an award of sustenance alimony would be appropriate." Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. The trial court shall be guided in its decision by statutory factors that must be considered. R.C. 3105.18(C)(1).
 {¶ 4} The question of whether spousal support should be indefinite has been addressed by the Supreme Court of Ohio.
"Considering current social and economic conditions, * * * awards ofalimony for sustenance and support should be made terminable upon a datecertain in the vast majority of cases wherein both parties have thepotential to be self-supporting. In such cases, an award of alimonyterminable upon a date certain provides both the interim supportnecessary to the recoverer of the award and certainty in the judgment."
* * *
"[I]n cases involving a marriage of long duration, parties of advancedage, and a homemaker-spouse with little opportunity to develop a career,a trial court may, in the proper exercise of its discretion, awardalimony terminable only upon certain contingencies * * *."
* * *
The reason for awarding sustenance alimony payable only to a datecertain is that the payee's need requiring support ceases, when, underreasonable circumstances, the payee can become self-supporting.Conversely, if under reasonable circumstances a divorced spouse does nothave the resources, ability or potential to become self-supporting, thenan award of sustenance alimony for life would be proper.
* * *
Accordingly, we hold that except in cases involving a marriage of longduration, parties of advanced age or a homemaker-spouse with littleopportunity to develop meaningful employment outside the home, where apayee spouse has the resources, ability and potential to beself-supporting, an award of sustenance alimony should provide for thetermination of the award within a reasonable time and upon a datecertain, in order to place a definitive limit upon the parties' rightsand responsibilities.
 Kunkle, supra at 68-69 (citing Koepke v. Koepke (1983),12 Ohio App.3d 80, 466 N.E.2d 570).
 {¶ 5} Here, the evidence established the following facts. The parties were married for 16 years. At the time of the divorce, Elaine was 54 years of age and in good physical health. Elaine suffers from severe depression and had been hospitalized three times for suicidal tendencies. In addition, Elaine is an alcoholic who is seeking treatment. Elaine used to be a licensed practical nurse, but has not worked as such since 1986. Elaine's current employment is providing housecleaning services at the Galion Country Club. Elaine's therapist testified that Elaine's mental health issues affected her ability to find and maintain employment. William, at the time of the divorce was 42 years of age and was gainfully employed. Both William's physical and mental health are good. Based upon this evidence, the trial court made the following findings.
As was presented in the testimony and evidence, the Defendant and thePlaintiff are not in the same position as to their ability to earn anincome. The duration of the parties' marriage and the Plaintiff's ongoingmental health concerns have seriously affected her earning capacity.These facts alone establish that the recommendation that he provide COBRAcoverage and spousal support to the Plaintiff is both fair andequitable.
March 16, 2005, judgment entry, 3. Although the trial court did not specifically state that it found the marriage to be of long duration, it did state that the duration of the marriage was one of the reasons it adopted the magistrate's opinion. Having made this finding, the trial court met the requirements set forth in Kunkle for making the duration of spousal support indeterminate. In addition to terminating spousal support upon the death of either party or the remarriage or cohabitation of Elaine, the trial court also reserved the right to modify or terminate support at any time the circumstances change. Since there are facts in the record to support the findings and conclusions of the trial court, this court cannot find that the trial court abused its discretion. The assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Crawford County, Domestic Relations Division, is affirmed.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.