OPINION
{¶ 1} Defendant-appellant Michael L. Coleson brings this appeal from the judgment of the Court of Common Pleas of Putnam County, Juvenile Division naming plaintiff-appellee Catherine Lopez ("Lopez") as residential parent of their daughter and ordering Coleson to pay child support.
 {¶ 2} On December 17, 2004, Isabelle was born to Coleson and Lopez, an unmarried couple. Coleson signed the birth certificate as Isabelle's father and admitted that he was the father. The couple ended their relationship in 2005. The Putnam County Child Support Enforcement Agency ("the Agency") sent a notice to Lopez and Coleson on May 10, 2005, indicating that as of June 1, 2005, Coleson would be expected to pay child support in the amount of $495.98 per month plus a two percent processing fee. Coleson objected to this administrative order. On June 28, 2005, Lopez and the Agency filed a complaint to obtain child support from Coleson. The complaint was assigned case number 20054032. A hearing was held on this matter on August 23, 2005. Coleson however failed to appear after being served. The trial court set the matter for a future hearing on a default judgment on October 12, 2005.
 {¶ 3} On October 12, 2005, Coleson filed a separate complaint to determine parentage, to be named residential parent, and to obtain child support from Lopez. This complaint was assigned case number 20054052. The trial court continued the October 12, 2005, hearing in case 20054032 until November 3, 2005, and consolidated case number 20054052 into case number 20054032. On November 3, 2005, the hearing was held and Coleson filed a motion for a shared parenting plan.[1] Coleson attached a copy of his plan to his motion. On November 8, 2005, the trial court entered judgment naming Lopez as the residential parent. Coleson's motion to adopt the shared parenting plan was denied on the basis that the parties do not cooperate. Coleson was granted visitation in accordance with his work schedule. Coleson was also ordered to pay child support in the amount of $486.88 per month plus a two percent processing fee retroactive to June 1, 2005. Coleson appeals from this judgment and raises the following assignments of error.[2]
 The trial court abused its discretion and erred in denying toadopt [Coleson's] shared parenting plan by failing to comply with[R.C. 3109.04(D)(1)].
 The court went against the manifest weight of the evidencewhen overruling [Coleson's] shared parenting plan.
 The trial court abused its discretion and erred in designating[Lopez] as sole residential parent when the record does notreflect any competent, credible evidence supporting the trialcourt's conclusion that designating [Lopez] as residential parentis in the child's best interest.
 The trial court abused its discretion and erred in failing todeviate [Coleson's] child support obligation from the childsupport guidelines.
 The trial court abused its discretion and went against themanifest weight of the evidence when calculating [Lopez's] incomefor child support purposes.
 {¶ 4} The first assignment of error alleges that the trial court did not comply with R.C. 3109.04(D)(1). This statute states as follows.
Upon the filing of a pleading or motion by either parent * * *requesting shared parenting and the filing of a shared parentingplan * * *, the court shall comply with division (D)(1)(a)(i),(ii), or (iii) of this section, whichever is applicable:
* * *
(iii) * * * [I]f only one parent makes a request in theparent's pleadings or files a motion and also files a plan, thecourt in the best interest of the children may order the otherparent to file a plan for shared parenting in accordance withdivision (G) of this section. The court shall review each planfiled to determine if any plan is in the best interest of thechildren. If the court determines that one of the filed plans isin the best interest of the children, the court may approve theplan. If the court determines that no filed plan is in the bestinterest of the children, the court may order each parent tosubmit appropriate changes to the parent's plan or both of thefiled plans to meet the court's objections or may select onefiled plan and order each parent to submit appropriate changes tothe selected plan to meet the court's objections. If changes tothe plan or plans are submitted to meet the court's objections,and if any of the filed plans with the changes is in the bestinterest of the children, the court may approve the plan with thechanges. If changes to the plan or plans are not submitted tomeet the court's objections or if the parent's submit changes tothe plan or plans to meet the court's objections but the courtdetermines that none of the filed plans with the submittedchanges is in the best interest of the children, the court mayreject the portion of the parent's pleading or deny the parents'motion * * * requesting shared parenting of the children andproceed as if the request or requests or the motion or motionshad not been made. If the court approves a plan under thisdivision * * *, or if the court rejects the portion of thepleadings or denies the motion or motions requesting sharedparenting under this division and proceeds as if the request orrequests or the motion or motions had not been made, the courtshall enter in the record of the case findings of fact andconclusions of law as to the reasons for the approval or therejection or denial. Division (D)(1)(b) of this section appliesin relation to the approval or disapproval of a plan under thisdivision.
 (b) The approval of a plan under division (D)(1)(a)(ii) or(iii) of this section is discretionary with the court. The courtshall not approve * * * a plan under either division unless itdetermines that the plan is in the best interest of the children.If the court, under either division, does not determine that anyfiled plan or any filed plan with submitted changes is in thebest interest of the children, the court shall not approve anyplan.
R.C. 3109.04(D)(1).
 {¶ 5} In this case, the trial court indicated in its judgment entry that it considered the statutory factors. November 8, 2005, judgment entry, 2. The trial court determined that the parties could not cooperate and that it would not be in Isabelle's best interest to grant a shared parenting plan. Id. No specific, delineated findings of fact and conclusions of law were made as required by R.C. 3109.04(D)(1)(a)(iii). "However, a trial court may substantially comply with R.C. 3109.04(D)(1)(a)(iii), without providing a detailed analysis, if its reasons for approval or denial of the shared parenting plan are apparent from the record." Erwin v. Erwin, 3rd Dist. No. 14-04-37,2005-Ohio-1603, ¶ 12. See also Winkler v. Winkler, 10th Dist. No. 02AP-937, 02AP1267, 2003-Ohio-2418, and Hall v. Hall, (May 29, 1997), Union App. No. 14-97-03. A review of the record before us indicates that the reason for the denial of the shared parenting plan is clearly demonstrated and the evidence upon which the trial court relied was set forth in the judgment entry. Specifically, the trial court stated as follows.
After hearing the testimony and reviewing the factors listedin [R.C. 3109.04(F)], the court finds that it is in the child'sbest interest that [Lopez] be designated residential parent andlegal custodian. Prior to seeking Court relief this was thearrangement they followed. Although the Court finds both partiesto be suitable and the living accommodations of both adequate,the child is more integrated in the home of [Lopez]. See [R.C.3109.04(F)(1)(c) (d)]. In fact she quit breastfeeding the childonly in the summer. The Court finds that [Coleson's] motion forshared parenting is not in the child's best interest. It is clearto the Court that the parties do not cooperate. See [R.C.3109.04(F)(2)(a)]. In fact [Coleson] acknowledge (sic) that hehas not paid child support even though [the Agency] recommendedit be effective June 1, 2005 and [Lopez] has refused himvisitation and companionship with Isabelle, even thoughreasonable under the circumstances.
Judgment Entry, 2. Since this judgment entry is sufficient to permit this court to determine the express reason for the denial of the shared parenting motion, the trial court has substantially complied with R.C. 3109.04(D)(1)(a)(iii). Thus, the first assignment of error is overruled.
 {¶ 6} In the second and third assignments of error, Coleson claims that the trial court's denial of the shared parenting plan and the naming of Lopez as residential parent is against the manifest weight of the evidence. Since Coleson argues them jointly in his brief, this Court will address them together as well. A trial court has broad discretion in determining whether to order shared parenting under 3109.04(D)(1)(a)(iii). R.C.3109.04(D)(1)(b). An appellate court will presume that a trial court's decision regarding child custody is correct and will not reverse the decision absent an abuse of discretion. Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 450 N.E.2d 178.
 {¶ 7} Coleson argues that the trial court's judgment is in error because his home is just as good as Lopez's home. Coleson also argues that the shared parenting agreement should have been granted because both parties agreed they could work together in the future. However, a review of the record indicates a great deal of testimony about how the two have not cooperated in the past. Coleson himself testified that Lopez will not always speak to him and that it is difficult to discuss issues concerning Isabelle. Tr. At 69-70. Lopez testified that Coleson threatened to quit his job rather than pay child support, had called her names for breastfeeding Isabelle, and had threatened to end their relationship if she pursued child support. Id. at 79-81. Lopez also testified that Coleson did not want to listen to her concerns about Isabelle and was only concerned about how things affected him. Id. at 84. Finally, Lopez testified that she did not believe the shared parenting plan was in the best interest of Isabelle. Id. at 87. Lopez was concerned about the behavior of Coleson's son from a prior marriage towards smaller children. Id. at 92. Lopez did testify that she would try to get along with Coleson and that she could speak to him without arguing "as long as he [did not] start calling [her] names." Id. at 91. Based upon the testimony and the likely demeanor of the parties, which the trial court was able to observe, there is competent and credible evidence to support the trial court's determination that the parties would not be cooperative and that the shared parenting plan was not in the best interest of the parties. The second assignment of error is overruled.
 {¶ 8} Coleson also argues that the trial court erred in naming Lopez as residential parent. However, the testimony presented clearly indicated that Lopez has been the primary caretaker from birth. Coleson has never resided with Lopez and Isabelle and has only had her for visitations. Coleson's argument that he should have been named residential parent so that Isabelle would have more contact with his son and family is not overly persuasive. Lopez also has children from a prior marriage that are also siblings of Isabelle. Thus, the same argument could be made for Lopez that Coleson is making for himself. A review of the record does not indicate that the trial court erred in concluding that both homes were appropriate. Additionally, the record supports the trial court's conclusion that as the sole primary caretaker of Isabelle, Lopez should be named the residential parent. Thus, the trial court did not err in naming Lopez as the residential parent. The third assignment of error is overruled.
 {¶ 9} Coleson argues in the fourth assignment of error that the trial court should have deviated from the standard child support worksheet since he was awarded additional visitation from the standard visitation schedule.
The court may order an amount of child support that deviatesfrom the amount of child support that would otherwise result fromthe use of the basic child support schedule and the applicableworksheet, through the line establishing the actual annualobligation, if after considering the factors and criteria setforth in [R.C. 3119.23], the court determines that the amountcalculated pursuant to the basic child support schedule and theapplicable worksheet, through the line establishing the actualannual obligation, would be unjust or inappropriate and would notbe in the best interest of the child.
R.C. 3119.22. One of the factors set forth in R.C. 3119.23 is extended parenting time. R.C. 3119.23(D). Although the trial court is permitted to deviate from the standard child support worksheet if one or more of the factors in R.C. 3119.23 are present, the trial court is not mandated to do so. One is not automatically entitled to a downward deviation merely because a factor is present. Pauly v. Pauly, 80 Ohio St.3d 386,1997-Ohio-105, 686 N.E.2d 1108. Given the differences in household income, the trial court reasonably could conclude that it was not in Isabelle's best interest to deviate from the worksheet. The trial court did not abuse its discretion by following the child support worksheet without deviation. Thus, the fourth assignment of error is overruled.
 {¶ 10} In the fifth assignment of error, Coleson claims that the trial court erred by not imputing additional income to Lopez. In support of this argument, Coleson points to Lopez's testimony that it is her choice to only work part time rather than full time. However, the fact that one's income has been voluntarily reduced is not the only factor to consider before a trial court may impute income. Robinson v. Robinson, 2nd Dist. No. 05-CA-95, 2006-Ohio-4282. "The test is not only whether the change was voluntary, but also whether it was made with due regard to the [parent's] income-producing abilities and her or his duty to provide for the continuing needs of the child or children concerned." Id. at ¶ 44.
Whether a parent is "voluntarily underemployed" within themeaning of [R.C. 3119.01], and the amount of "potential income"to be imputed to a child support obligor, are matters to bedetermined by the trial court based upon the facts andcircumstances of each case. The determination will not bedisturbed on appeal absent an abuse of discretion.
 Rock v. Cabral (1993), 67 Ohio St.3d 108, 616 N.E.2d 218, at paragraph one of the syllabus.
 {¶ 11} Here, the trial court heard testimony from Lopez concerning her current employment as well as her employment history. On cross-examination, Lopez admitted that she could be working additional hours, but chose not to do so in order to spend more time raising Isabelle. Based upon this evidence, the trial court determined that Lopez was "somewhat under employed." Nov. 8, 2005, judgment entry, 3. The trial court then imputed income of $10,712.00 per year to Lopez, which would be what she earned if she worked 40 hours per week at minimum wage. Although Lopez currently earns $8.25 per hour working 24 hours a week, there was no evidence presented that she could find a job making this much for 40 hours a week. Testimony was given that Lopez has no higher education and has a less than exemplary work history at best. Even Coleson testified that he believed Lopez had quit her job at one company rather than be fired. Given this evidence, there is some evidence to support the determination as to the amount of imputed income determined as appropriate by the trial court. Thus, no abuse of discretion is found. The fifth assignment of error is overruled.
 {¶ 12} The judgment of the Court of Common Pleas of Putnam County is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.
[1] Lopez was not given an opportunity to submit a shared parenting plan of her own in response to Coleson's plan, since it was not filed until the day of the hearing.
[2] This court notes that Coleson failed to comply with local rules and attach a copy of the judgment entry to his brief and that Lopez failed to file a brief.