OPINION *Page 2 
{¶ 1} Defendant-Appellant, Marvin D. Hendricks, appeals the judgment of the Van Wert County Court of Common Pleas, Domestic Relations Division, granting Plaintiff-Appellee's, Lisa Hendricks, complaint for divorce. On appeal, Marvin asserts that the magistrate erred in failing to grant his motion for a continuance; in finding that a personal injury award was Lisa's separate property; in awarding Lisa a monetary share of his business; and, in awarding Lisa spousal support of $400 per month for six years. Based upon the following, we affirm the decision of the trial court.
 {¶ 2} Marvin and Lisa were married in 1986. The only child born of the marriage reached the age of majority prior to the initiation of this action.
 {¶ 3} In June 2007, Lisa filed a complaint for divorce. Thereafter, the trial court issued an order enjoining both parties from selling, encumbering, contracting to sell, removing from the jurisdiction of the court, or otherwise disposing of any property belonging to either of the parties, except in the ordinary course of business.
 {¶ 4} In November 2007, the case proceeded to final hearing before a magistrate. Prior to testimony, Marvin orally requested a continuance. The magistrate remarked that Marvin had not filed a written motion for a continuance, required by local rules, and Marvin acknowledged that he had not filed any formal *Page 3 
request for a continuance. Accordingly, the magistrate denied his request and the following testimony was heard.
 {¶ 5} Lisa testified that, in 2000, 2001, 2002, and 2003 her respective income was $4,936, $5,434, $9,335, and $7,914; that, in 2003, she was seriously injured in an automobile accident; that she was unable to work for two years due to her injuries; that she received approximately $150,000 from the settlement of her personal injury claim; that her attorney received one-third of the settlement, amounting to approximately $50,000; that she lost approximately $18,000 in wages and a vehicle worth $8,000 due to the accident; that the remainder of the settlement was for her medical bills and pain and suffering; that there is no remaining money from the settlement; that, prior to filing for divorce, she purchased a certificate of deposit in the amount of $10,000 for the parties' daughter from the portion of damages for her pain and suffering; and, that she still experiences physical difficulties, such as neck pain, as a result of the accident.
 {¶ 6} Marvin testified that he was self-employed and his business serviced manufactured housing; that he had not filed an income tax return for his business since 2002; that, in 2000 and 2001 his respective income was $35,385 and $35,131; that, in October 2005, on an automobile finance application, he disclosed that his personal net worth was $220,000 and his monthly income $3,300; and, *Page 4 
that the value of his business is basically the value of his tools, which is approximately $2,000.
 {¶ 7} Marvin continued that, in 2003, Lisa was involved in an automobile accident; that Lisa's medical bills were approximately $48,000; that, after paying their attorney and the medical bills from the settlement, approximately $50,000 remained; that the $50,000 represented Lisa's pain and suffering, his and Lisa's lost wages, and his loss of consortium; that he could not recall the amount of his lost wages; that he could not recall the portion of the settlement that represented his lost wages and loss of consortium; and, that, after he was served with the divorce complaint and ordered not to waste or destroy the marital assets, he withdrew $10,000 from the parties' joint checking account and spent it.
 {¶ 8} In March 2008, the magistrate issued his decision finding that the $50,000 personal injury award deposited into the parties' joint account represented Lisa's lost wages and pain and suffering; that, at the time of the divorce filing, $11,000 of the award remained in the parties' joint account, which Marvin then withdrew and converted to his own use; that, due to Marvin's financial misconduct in withdrawing the funds, Lisa was entitled to retain her entire retirement account as well as title to the parties' Toyota 4-Runner, which had been purchased to replace the vehicle that had been destroyed in the accident; and, that Lisa was entitled to a monetary award of one-half of the value of Marvin's business, *Page 5 
amounting to $2,000. Additionally, the magistrate found that "in consideration of those relevant factors enumerated in Ohio Revised Code section 3105.18(C)(1)(a) through (n) * * * the plaintiff is entitled to an award of spousal support[.]" (March 2008 Magistrate's Decision, p. 4). Subsequently, Marvin timely filed objections to the magistrate's decision, asserting that the magistrate erred in failing to grant his motion for a continuance; in finding that the personal injury award received by the parties was Lisa's separate property; in failing to properly determine the value of his business; and, in determining the length and amount of spousal support that Marvin should pay Lisa.
 {¶ 9} Thereafter, the trial court filed a divorce decree and adopted the magistrate's decision in its entirety.
 {¶ 10} In April 2008, the trial court vacated the March 2008 divorce decree.
 {¶ 11} In May 2008, the trial court overruled Marvin's objections to the magistrate's decision regarding the continuance, the personal injury award, and the spousal support. Regarding the continuance, the trial court found that Marvin had failed to comply with Rule 10 of the Van Wert County Court of Common Pleas and had failed to demonstrate that he was prejudiced or disadvantaged by the timing of discovery. Regarding spousal support, the trial court affirmed the magistrate's award, specifically finding that the parties were married for over twenty years under R.C. 3105.18(C)(1)(e), and that a significant disparity existed *Page 6 
between the parties' incomes and earning abilities under R.C. 3105.18(C)(1)(a), (b). (May 2008 Judgment Entry, pp. 2-3). Regarding the valuation of Marvin's business, however, the trial court found its value to be $2,000, and, accordingly, amended the magistrate's decision, directing Marvin to pay Lisa $1,000, representing one-half of the business value.
 {¶ 12} In June 2008, the trial court filed a second divorce decree, adopting the magistrate's decision in its entirety with the exception of the amendment of the $2,000 award to $1,000.
 {¶ 13} It is from this judgment that Marvin appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE MAGISTRATE ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR CONTINUANCE.
 Assignment of Error No. II THE MAGISTRATE ERRED IN FINDING THAT THE PERSONAL INJURY AWARD RECEIVED BY THE PARTIES IS SEPARATE PROPERTY OF THE APPELLEE.
 Assignment of Error No. III THE MAGISTRATE ERRED IN AWARDING THE APPELLEE $2,000 FROM THE BUSINESS. *Page 7 
 Assignment of Error No. IV THE MAGISTRATE ERRED IN AWARDING THE APPELLEE SPOUSAL SUPPORT IN THE SUM OF $400.00 PER MONTH FOR SIX YEARS.
 Assignment of Error No. I {¶ 14} In his first assignment of error, Marvin contends that the magistrate erred in failing to grant his motion for a continuance. Specifically, Marvin contends that his counsel had inadequate time to review discovery materials and he was prejudiced as a result of the continuance denial. Lisa, in response, argues that Marvin failed to comply with local rules and procedures for a continuance.
 {¶ 15} A trial court's decision whether to grant or deny a continuance is within its sound discretion. Gabel v. Gabel, 3d Dist. No. 9-04-13,2004-Ohio-4292, ¶ 11, citing State v. Bryan, 101 Ohio St.3d 272,2004-Ohio-971. Accordingly, such a decision will not be disturbed on appeal absent an abuse of discretion. Id. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} In Gabel, this Court found that "`[t]he review of a decision on a motion for continuance requires the appellate court to apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to *Page 8 
the moving party.'" 2004-Ohio-4292, at ¶ 12, quoting Burton v.Burton (1999), 132 Ohio App.3d 473, 476. We further found that "`[t]here are objective factors that a court must consider in determining whether to grant a continuance[,]' [including] the length of the delay requested, whether previous continuances have been granted, the inconvenience to the parties, witnesses, attorneys, and the court, whether the request is reasonable or purposeful and contrived to merely delay the proceedings, and whether the movant contributed to the circumstances giving rise to the request." Id.
 {¶ 17} Additionally, Rule 10 of the Van Wert County Court of Common Pleas, addressing requests for continuance, states in part that "no continuance will be granted without a written motion[.]"
 {¶ 18} Here, aside from a conclusory assertion, Marvin has failed to articulate how he was prejudiced or disadvantaged by the trial court's denial of his request for a continuance. Additionally, it appears that the magistrate properly overruled Marvin's motion for a continuance because he failed to comply with Rule 10 of the Van Wert County Court of Common Pleas, requiring such motions to be in writing.
 {¶ 19} Accordingly, we overrule Marvin's first assignment of error. *Page 9 
 Assignment of Error No. II {¶ 20} In his second assignment of error, Marvin contends that the magistrate erred in finding that the personal injury award received by the parties was Lisa's separate property. Specifically, Marvin contends that the personal injury award was marital property and was deposited into the parties' joint account and commingled with marital funds, making it untraceable to separate property. We disagree.
 {¶ 21} "In determining whether the trial court has appropriately categorized property as separate or marital, the standard of review is whether the classification is against the manifest weight of the evidence." Eggeman v. Eggeman, 3d Dist. No. 2-04-06, 2004-Ohio-6050, ¶ 14, citing Henderson v. Henderson, 3d Dist. No. 10-01-17, 2002-Ohio-2720, ¶ 28. Accordingly, the trial court's judgment will not be reversed if the decision is supported by some competent, credible evidence. Eggeman, 2004-Ohio-6050, at ¶ 14, citing DeWitt v.DeWitt, 3d Dist. No. 9-02-42, 2003-Ohio-851, ¶ 10. In determining whether competent, credible evidence exists, "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159, citing In re Jane Doe I
(1991), 57 Ohio St.3d 135. *Page 10 
 {¶ 22} Here, Lisa testified that the personal injury settlement deposited into the parties' joint account represented her lost wages and pain and suffering. Although Marvin testified that the personal injury settlement also included damages for his lost wages and loss of consortium, he was unable to state what portion of the settlement represented his lost wages and loss of consortium. He was also unable to testify as to the amount he actually lost in wages due to Lisa's accident. Particularly given that the trial court is in the best position to weigh witness credibility, the trial court was within its discretion to determine that Lisa's testimony was more credible than Marvin's testimony and to find that the entire settlement deposited into the account represented Lisa's separate property.
 {¶ 23} Accordingly, we overrule Marvin's second assignment of error.
 Assignment of Error No. III {¶ 24} In his third assignment of error, Marvin contends that the magistrate erred in awarding Lisa $2,000 from his business. Specifically, Marvin contends that the magistrate's valuation of his business at $4,000 was unfounded, as he testified that the business had a value of $1,000 to $2,000.
 {¶ 25} Trial courts have broad discretion in determining equitable division of marital property in a divorce proceeding. Blake v.Blake, 3d Dist. No. 10-05-07, 2005-Ohio-4186, ¶ 17, citing Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355. As such, a division will not be disturbed on appeal absent an abuse of discretion. *Page 11 
Id. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore,5 Ohio St.3d at 219. In making its determination, a trial court has discretion to consider the credibility of witnesses and the circumstances of each case when determining the value of marital property. Blake, supra, citingOsting v. Osting, 3d Dist. No. 1-03-88, 2004-Ohio-4159. Finally, the trial court may rely on the magistrate's determinations regarding credibility when it reviews the magistrate's decision. Id., citingRodriguez v. Frietze, 4th Dist. No. 04CA14, 2004-Ohio-7121, ¶ 27.
 {¶ 26} Here, subsequent to Marvin's objection, the trial court reduced the magistrate's finding of the value of Marvin's business from $4,000 to $2,000 and, accordingly, reduced Lisa's one-half award to $1,000. As Marvin's objection to the magistrate's finding pertaining to the valuation of his business was clearly considered by the trial court, which reduced Lisa's award to $1,000, Marvin's assignment of error is moot.
 {¶ 27} Accordingly, we overrule Marvin's third assignment of error.
 Assignment of Error No. IV {¶ 28} In his fourth assignment of error, Marvin contends that the magistrate erred in awarding Lisa spousal support in the sum of $400 per month for a six-year period. Specifically, Marvin contends that the trial court failed to *Page 12 
articulate any factors in R.C. 3105.18(C)(1) to support its decision to award spousal support. We disagree.
 {¶ 29} We review a trial court's determination of spousal support under an abuse of discretion standard. Siefker v. Siefker, 3d Dist. No. 12-06-04, 2006-Ohio-5154, ¶ 15. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore, 5 Ohio St.3d at 219.
 {¶ 30} In determining the suitability of spousal support, a trial court is required to consider the factors enumerated in R.C. 3105.18(C)(1). R.C. 3105.18; Schalk v. Schalk, 3d Dist. No. 13-07-13,2008-Ohio-829, ¶ 28. R.C. 3105.18 provides that the trial court should consider:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
 (d) The retirement benefits of the parties;
 (e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; *Page 13 
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
R.C. 3105.18(C)(1).
 {¶ 31} Although the trial court must consider these factors pursuant to R.C. 3105.18, this Court has held that a trial court's failure to "`specifically enumerate' those factors does not constitute reversible error." Schalk, 2008-Ohio-829, ¶ 28 quoting Lee v. Lee, 3d Dist. No. 17-01-05, 2001-Ohio-2245. Finally, although a *Page 14 
trial court need not specifically enumerate the factors, it must make specific findings in order "to enable a reviewing court to determine the reasonableness of its order to grant or deny a request for spousal support and that the relevant factors within R.C. 3105.18 were considered." Lee, citing Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,96-97.
 {¶ 32} Here, the magistrate found that "in consideration of those relevant factors enumerated in Ohio Revised Code section 3105.18(C)(1)(a) through (n) * * * the plaintiff is entitled to an award of spousal support[.]" (March 2008 Magistrate's Decision, p. 4). Additionally, in the trial court's judgment entry overruling Marvin's objections to the magistrate's decision, the trial court specifically stated that spousal support was appropriate due to the long duration of the parties' marriage as well as the significant disparity between the parties' incomes and earning abilities. Thus, the trial court made specific findings as required by Kaechele. Finally, testimony was heard that Marvin's income exceeded Lisa's income; that Lisa had remaining physical difficulties from her automobile accident; and, that the parties had a marriage of long duration. Thus, sufficient evidence supported the magistrate's and the trial court's determination that spousal support was appropriate.
 {¶ 33} Accordingly, we overrule Marvin's fourth assignment of error. *Page 15 
 {¶ 34} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1